NIES, Senior Circuit Judge.
 

 This case raises a jurisdictional question respecting the timeliness of the appeals. Kraft, Inc., seeks to appeal and the government to cross-appeal the merits of a judgment of the United States Court of Federal Claims which granted part of Kraft’s tax refund claims for the years 1972 and 1976 and denied any refund for claims made for the five other years in suit. We conclude that Kraft’s motion for reconsideration filed April 8, 1994, did not toll the 60-day period in which to appeal a corrected judgment entered on March 31, 1994. Thus, Kraft’s appeal, filed September 26,1994, is untimely, and the government’s cross-appeal filed thereafter is also untimely. Both appeals are dismissed for lack of jurisdiction.
 

 I.
 

 Background
 

 Kraft brought suit against the government seeking a tax refund for each of the years 1972 through 1978, based,
 
 inter alia,
 
 on asserted abandonment loss deductions for dairy-related intangible assets.
 
 [1]
 
 On January 28, 1994, the trial court issued its decision granting in part Kraft’s abandonment loss deductions claims for 1972 and 1976 and denying all other relief. The trial court entered judgment on January 31, 1994, awarding Kraft $4,291,281 for the years 1972 and 1976 and dismissing its claims for 1973,1974, 1975, 1977, and 1978 (the “January judgment”). On February 7, 1994, the government filed a motion asking the court to reconsider, withdraw, and modify its opinion to correct certain mathematical errors in the amount of the awards. The government argued that the January judgment reflected two “noncontroversial,” “clerical,” and “mechanical” errors in the court’s calculations. Kraft, in its response to the government’s motion, conceded that the trial court made the two asserted errors and joined with the government in filing a stipulation specifying the correct amounts for the allowed claims.
 
 [2]
 

 On March 30,1994, the trial court accepted the parties’ stipulation. To complete the correction, the court vacated the January judgment and directed the clerk to enter a revised judgment for the lesser amounts. On March 31,1994, the clerk entered the court’s order and also entered a corrected judgment (the “March judgment”). No other change was made in the January judgment or opinion. On April 8,1994, Kraft served a motion for reconsideration and amendment of the March judgment, seeking reversal of the court’s denial of its claims for abandonment loss deductions in 1977 and for additional deductions in 1972 and 1976. On August 1, 1994, the trial court issued an order denying Kraft’s motion. Kraft filed a notice of appeal on September 26,1994. In this appeal, Kraft
 
 *604
 
 seeks a reversal of the denial of all of its asserted losses in 1972, 1976, and 1977 and a remand for reconsideration of its asserted losses in other years, principally because of the alleged imposition of an improper burden of proof. The government filed a notice of cross-appeal on October 7, 1994, seeking to overturn the refunds which were granted. Neither challenges the changed amount of the award set out in the March judgment. At oral argument, this court,
 
 sua sponte,
 
 raised the question of whether Kraft’s motion of April 8,1994, for reconsideration tolled the appeal period. The court cited the cases of
 
 Moody v. Pepsi-Cola Metropolitan Bottling Co.,
 
 915 F.2d 201 (6th Cir.1990), and
 
 Dixie Sand and Gravel Co. v. Tennessee Valley Authority,
 
 631 F.2d 73 (5th Cir.1980), as representative of cases where a motion to reconsider a revised judgment did not toll the running of the time for appeal. Supplemental briefs on this issue were submitted, both of which argue in favor of this court’s jurisdiction.
 

 II.
 

 Timeliness Under Rule 4 of the Federal Rules of Appellate Procedure (FRAP)
 

 The time for appeal is “mandatory and jurisdictional.”
 
 Budinich v. Becton Dickinson & Co.,
 
 486 U.S. 196, 203,108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988) .
 
 Accord Torres v. Oakland Scavenger Co.,
 
 487 U.S. 312, 315, 108 S.Ct. 2405, 2407-08, 101 L.Ed.2d 285 (1988);
 
 Griggs v. Provident Consumer Discount Co.,
 
 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982);
 
 Maxus Energy Corp. v. United States,
 
 31 F.3d 1135, 1139 n. 9 (Fed.Cir.1994). The parties, of course, cannot confer jurisdiction on an appellate court by their agreement or consent.
 
 Marcangelo v. Boardwalk Regency,
 
 47 F.3d 88, 91 (3rd Cir.1995). Thus, the issue of jurisdiction must be addressed.
 
 Dixie Sand,
 
 631 F.2d at 74 (court must question timeliness of the appeal
 
 sua sponte).
 

 Under FRAP Rule 4(a)(1)
 
 [3]
 
 and 28 U.S.C. § 2107 (1988), the time for appeal from the judgment in an action in which the United States is a party is 60 days calculated from the date of entry of the final judgment.
 
 [4]
 
 FRAP 4(a)(4) provides for a tolling and restarting of the time for appeal where a party makes certain motions, including either a timely Rule 59 motion to alter or amend a judgment or a Rule 60 motion for a correction filed within ten days of the judgment.
 
 [5]
 

 Maxus,
 
 31 F.3d at 1139. The Rules of the Court of Federal Claims (RCFC) similarly
 
 *605
 
 provide that a motion to alter or amend the judgment under its Rule 59(d), which is comparable to Fed.R.Civ.P. 59(e), “shall be filed not later than 10 days after entry of the judgment.” The rules specifically provide that this ten-day period in which to file a time-tolling motion may not be extended. Fed.R.Civ.P. 6/RCFC 6;
 
 [6]
 

 Parker v. Board of Public Utilities of Kansas City, Kansas,
 
 77 F.3d 1289 (10th Cir.1996) (Rule 59 motion filed 13 days after entry of judgment did not toll time for appeal even though within 10 days of notice of judgment.);
 
 cf. Carlisle v. United States,
 
 — U.S. —, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (district court has no jurisdiction to grant a post-verdict motion for judgment of acquittal filed one day outside of nonextendable time limit). Where a timely motion under Rule 59 is filed, the 60-day appeal period begins to run anew from the date of entry of the court’s order disposing of such motion. If the motion is denied, the finality of the original judgment is reactivated for purposes of appeal, but no second round of tolling motions is permitted.
 
 Charles v. Daley,
 
 799 F.2d 343, 348 (7th Cir.1986). If the motion is granted, an appeal is taken from the new judgment.
 
 Id.
 
 The parties argue that the entry of a new judgment not only started a new appeal period but also provided a new ten-day period for Rule 59, and presumably other, tolling motions against the second judgment.
 

 III.
 

 Issue
 

 The question is whether Kraft’s motion tolled the time to appeal beyond 60 days from the March judgment. For reasons set out more fully below, we agree with all other circuits that have addressed the issue that a motion to reconsider a revised judgment tolls the time for appeal only in instances where the second judgment presents a new significant adverse ruling against the movant which the movant has had no previous opportunity to challenge.
 

 IV.
 

 To prevent delay in the resolution of disputes, the Federal Rules place severe time limitations on the time for appeals from a final judgment of a district court and restrict the power of both the district courts and the courts of appeals to extend the appeal period. District courts have only limited authority to provide additional time (Fed.R.App.P. 4(a)(5), (6)), and circuit courts have no authority at all to grant extensions. Because of the dignity afforded a final judgment, the circumstances under which a party may seek to have a district court alter its final judgment are also restricted. Under the common law, a district court had power over its final judgments until the end of the “term” of the court during which the judgment was entered.
 
 Zimmem v. United States,
 
 298 U.S. 167, 169-70, 56 S.Ct. 706, 706-07, 80 L.Ed. 1118 (1936). However, under current rules, Rule 59 motions to alter or amend a judgment, or other types of motions specified in FRAP 4(a) which toll the time for appeal, must be filed within ten days of entry of the judgment and the time for tolling motions may not be extended. Successive motions periods, which would encourage piecemeal attack on a judgment and delay appeals, are not authorized.
 
 Charles v. Northeast Independent School District,
 
 884 F.2d 869, 871 (5th Cir.1989) (“[PJarties generally get only one bite at the rule 59(e) apple for the purpose of tolling the time for bringing an appeal.”). Once a district court has denied timely filed tolling motions, the litigants must appeal if they wish to further challenge a judgment, except for the special circumstances recognized in Rule 60(b).
 

 How have these rules been interpreted where the district court grants a timely Rule 59 motion, amends its first judgment and enters a second modified judgment? FRAP 4(a) provides that the time to appeal runs anew from the disposition of the tolling mo
 
 *606
 
 tion whether granted or denied. However, when the original judgment is substantially changed, the appeal time runs from the date of the entry of the second judgment in accordance with Rule 58.
 
 Charles,
 
 799 F.2d at 347, 348. The parties here argue that the new judgment also provides a new ten-day period in which tolling motions are permitted, even solely on grounds that could have been asserted during the first ten-day period for such motions. The rules do not cover this situation specifically. However, all precedent sets forth a much more limited view of the effect of a second judgment on the availability of a second period for the filing of tolling motions.
 

 A.
 

 No Supreme Court precedent has been found directly on point. However, in
 
 Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.,
 
 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952), the Court considered the comparable issue of the timeliness of a petition for
 
 certiorari
 
 to invoke its own jurisdiction, holding that the Commission’s petition, which challenged one part of a judgment, was untimely. While the petition was timely if measured from a revised judgment of the Court of Appeals, made at the request of petitioner, the revision therein had not been contested and was not a motion seeking relief from the judgment but rather one seeking inclusion of a specific affirmance related to parts of the dispute not involved in the petition. In dismissing the petition as untimely, the Court stated:
 

 While it may be true that the Court of Appeals had the power to supersede the judgment of July 5 with a new one, it is also true as that court itself has recognized, that the time within which a losing party must seek review cannot be enlarged just because the lower court in its discretion thinks it should be enlarged. Thus, the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.
 

 The judgment of September 18, which petitioner now seeks to have us review, does not meet this test. It reiterated, without change, everything which had been decided on July 5. Since the one controversy between the parties related only to the matters which had been adjudicated on July 5, we cannot ascribe any significance, as far as timeliness is concerned, to the later judgment.
 

 [Litigation must at some definite point be brought to an end. It is a principle reflected in the statutes which limit our appellate jurisdiction to those cases where review is sought within a prescribed period. Those statutes are not to be applied so as to permit a tolling of their time limitations because some event occurred in the lower court after judgment was rendered which is of no import to the matters to be dealt with on review.
 

 Id.
 
 at 211-213, 73 S.Ct. at 248-50 (footnotes omitted).
 

 In
 
 Charles v. Daley, supra,
 
 a district court amended a final judgment to clarify that certain intervenors were liable as defendants for attorney fees. One intervenor thereby made liable then filed a motion to amend the revised judgment. This motion was denied. The question was whether appellant had made a timely Rule 59 motion to toll the time for appeal of the revised judgment. In ruling that the appeal was timely, Judge East-erbrook explained:
 

 The time limit would be a joke if parties could continually file new motions, preventing the judgment from becoming final. The 10 days runs from the initial judgment, so later motions are not timely. Yet the purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts
 
 *607
 
 the burden of unnecessary appellate proceedings. See
 
 United States v. Dieter,
 
 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976). The purpose of the rule suggests that when a court
 
 alters
 
 its judgment, A person AGGRIEVED BY THE ALTERATION MAY ASK FOR correction. A successive motion directed to the same judgment is ineffectual, but when there is a new judgment — an alteration independently sufficient to restart the time for appeal — there is also a new period in which to file a motion under Rule 59. [Emphasis added.]
 

 Other circuits have taken the same position that it is not too great a stretch of FRAP 4(a) to permit a second round of Rule 59 motions by the party adversely affected by a judgment which has been changed significantly. The Sixth Circuit in
 
 Moody,
 
 915 F.2d at 206, similarly ruled that a motion to reconsider an order revising a judgment does not toll the time to appeal “unless a grant of [an] earlier post-trial motion effectively results in a new judgment and the motion to reconsider is filed by the adversely affected party requesting reinstatement of the original judgment,” citing
 
 York v. Tate,
 
 858 F.2d 322, 326 (6th Cir.1988),
 
 cert. denied,
 
 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428 (1989).
 
 [7]
 

 The time to appeal in
 
 Dixie Sand,
 
 631 F.2d 73, was not tolled by a motion for reconsideration of an amended judgment where the second judgment did not rest on a new ground but on one of the two original grounds. The Fifth Circuit opined:
 

 Were we to hold that appellant’s motion for reconsideration of the amended judgment terminated the running of the time for filing notice of appeal, a party aggrieved by a judgment resting on several grounds could extend the time for appeal virtually indefinitely by filing successive motions for reconsideration challenging each of the grounds seriatim.
 

 Id.
 
 at 75.
 

 In contrast, that court held that a motion for reconsideration tolled the time to appeal the second judgment entered in
 
 Harrell v. Dixon Bay Transportation Co.,
 
 718 F.2d 123 (5th Cir.1983), which had reduced the amount awarded to the appellant. The court reasoned that the appellant was adversely affected by the change in amount and concluded that the time to file his notice of appeal was “postponed while the district court considered his single, timely motion to alter or amend the only adverse judgment ever rendered against him in this case.”
 
 Id,
 
 at 129 (emphasis added).
 

 Adopting the above
 
 Harrell
 
 ruling, the Eleventh Circuit in
 
 Wright v. Preferred Research, Inc.,
 
 891 F.2d 886 (11th Cir.1990), held that a Rule 59 motion filed after the entry of a second judgment which reduced the amount of damages tolled the time for its appeal. Appellant’s motion did not merely reiterate grounds of a prior motion or seek reconsideration of an amended judgment that did not enlarge rights under the prior judgment. Appellant’s motion “represented the first attack on what was, in substance, a new and greatly reduced judgment.”
 
 Id.
 
 at 889.
 

 It would unnecessarily extend this opinion to review the case law further. Neither party has cited any contrary authority.
 
 [8]
 
 Indeed, the parties rely principally on some of the above cases to support their position that their appeals here are timely.
 

 We must disagree. All substantive issues were fully determined in the January judgment. The March judgment simply reiterates the parts of the January judgment denying Kraft’s claims for 1973-1975, 1977, and 1978. With respect to the parts of the January judgment allowing Kraft’s claims for 1972 and 1976, the March judgment did change the amounts of the awards but only to correct an inadvertency in their calculation. Under Rule 4(a), the motion for this change, even though in the nature of a Rule
 
 *608
 
 60(a) correction,
 
 [9]
 
 was made within ten days of the entry of the January judgment and, thus, under current FRAP 4(a), tolled the time for appeal.
 
 Maxus,
 
 31 F.3d at 1139-40. However, the entry of a new judgment disposing of a tolling motion, does not, as the above cases hold, provide a new period for tolling motions under Rule 4(a) against the revised judgment in all cases or for all purposes. The March judgment was neither the first adverse judgment against Kraft nor did that judgment take away from Kraft the substantive rights afforded by the January judgment. The trial court did not reconsider a substantive matter and rule, for the first time, against Kraft on any issue. True, the March judgment decreased the monetary awards, but Kraft acknowledged that they were erroneous. The court simply entered the parties’ stipulated correction. Under these circumstances, a reopening of a period for tolling motions against the merits of the January judgment would be tantamount to an extension of the time set forth in Rule 59 for filing such motions and would violate Rule 6 prohibiting such extensions.
 

 The issues we are asked to review on appeal were wholly unaffected by the revision in the March judgment. While a change in the amount of an award may be a significantly more adverse ruling, it was not in this case. Moreover, Kraft’s April 8 motion was not directed to the changed amount, indeed, could not be, in view of Kraft’s stipulation to the change of judgment. As stated in
 
 Minneapolis-Honeywell Regulator Co., supra:
 

 Those statutes [prescribing time periods for appeal] are not to be applied so as to permit a tolling of their time limitations because some event occurred in the lower court after judgment was rendered which is of no import to the matters to be dealt with on review.
 

 344 U.S. at 213, 73 S.Ct. at 249-50.
 

 B.
 

 The parties make several arguments apart from their reliance on the entry of the March judgment. Kraft argues,
 
 inter alia,
 
 that its motion is specifically authorized by Rule 4(a) which states:
 

 If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure. [Emphasis added.]
 

 Kraft maintains that its motion delayed the time for appeal as “the last such motion outstanding” within the meaning of FRAP 4(a).
 

 This argument by Kraft clearly depends on misreading FRAP 4(a)(4). Rule 59 provides an opportunity for either or both parties to file a motion for reconsideration or amendment of an adverse judgment (or other time tolling motion) but only within ten days of its entry. As provided in FRAP 4(a), the time for appeal runs from “the entry of the order disposing of the last such [timely] motion outstanding.” The rule clearly contemplates concurrent motions being filed within ten days asserting any and all of the grounds allowed under FRAP 4(a) within that time period. The time for a party’s own motion seeking alteration of a judgment is not changed by his opponent’s filing a similar motion. While FRAP 4(a) stops and restarts the 60-day period for appeal upon certain timely motions, nothing in FRAP 4(a) provides for tolling the 10-day period for a litigant’s own Rule 59 motion against an entered judgment until a ruling on an opponent’s motion is made. For the provision of FRAP 4(a) respecting tolling until disposition of “the last such motion outstanding” to become operative, more than one motion must be made within the ten-day period against the same judgment. Kraft’s argument based on this language of FRAP 4(a) is rejected.
 

 Kraft also asserts that, while it would be an abuse of Rule 4(a) and Rule 59 to permit the government to file another tolling motion attacking the merits of the January judgment, Kraft itself is not similarly precluded because it had not previously filed a Rule 59 motion. However, the issue is not abuse of process but timeliness of Kraft’s
 
 *609
 
 Rule 59 motion. Nothing in the rules suggests that a second period for a Rule 59 motion is allowed a party simply because that party has not previously made such a motion which could and should have been made earlier. In rejecting a similar argument, the court in
 
 Charles
 
 stated this “is a distinction without difference____ The ability to file a new motion under Rule 59 comes from the fact that an altered judgment is a ‘new judgment’ with new periods of time, and not from the identity of the party filing the paper.”
 
 Charles,
 
 799 F.2d at 348.
 

 As a final matter, Kraft makes the argument that it was misled by the clerk’s office of the Court of Federal Claims. Kraft states it was told sometime in early May that if it filed an appeal while its motion was pending, the appeal would have been rejected as premature. In
 
 Harris Truck Lines v. Cherry Meat Packers,
 
 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), the Supreme Court recognized that active misrepresentation by a court may effect an extension of the time to appeal. The circumstances here do not similarly warrant application of that holding. Prior to amendment of Rule 4(a) in 1993, a premature appeal was wholly ineffective. However, at the time of the alleged misrepresentation by the clerk’s office in this case, a premature notice of appeal could not be “rejected.” As amended, Rule 4(a) is unequivocal that a notice of appeal may be filed during the pendency of a time-tolling motion and becomes effective upon the court’s ruling on the motion.
 
 [10]
 
 Thus, counsel’s alleged reliance on the alleged statement that its notice of appeal would be “rejected” was not warranted. A simple reading of Rule 4(a) by experienced counsel would have made it readily apparent that the alleged use of the word “rejected” was inapt or imprecise.
 
 [11]
 
 A premature notice is not immediately effective but it is not subject to “rejection” in the sense of being a nullity. We do not find counsel’s explanation compelling that its failure to file a timely notice of appeal can be blamed on the clerk’s office.
 
 [12]
 
 Counsel’s delay in filing a notice of appeal must be attributable to its own misreading of FRAP 4 and RCFC Rule 59.
 

 Y.
 

 Conclusion
 

 Having considered the above and all arguments of the parties, this court concludes that this court has no jurisdiction over Kraft’s appeal. In sum, Kraft’s April 8,1994, motion did not extend the appeal period beyond 60 days calculated from the trial court’s order and judgment entered March 31, 1994. Therefore, Kraft’s notice of appeal had to be filed no later than May 31, 1994 (adding a day for the May 30 holiday). Kraft’s notice filed September 26, 1994, is untimely and its appeal is dismissed. The government’s cross-appeal, being dependent on Kraft’s appeal (FRAP 4(a)(3)), is also dismissed.
 

 VI.
 

 Costs
 

 Each party to bear its own costs.
 

 DISMISSED.
 

 APPENDIX
 

 Federal Rules of Civil Procedure Rule 6. Time
 

 (b) Enlargement. When by these rules or by a notice given thereunder or by
 

 
 *610
 
 APPENDIX — Continued
 

 order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (e)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.
 

 Rule 59. New Trials; Amendment of Judgments
 

 (e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.
 

 Rule 60. Relief from Judgment or Order
 

 (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
 

 Rules of the Court of Federal Claims
 

 Rule 6. Time
 

 (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed
 

 APPENDIX — Continued
 

 to be done at or within a specified time, the court for cause shown may at any time at its discretion (1) order the period enlarged if request therefor is made by motion showing good cause before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 52(b), 59(b) and (d), 60(b) and 77.4, except to the extent and under conditions stated in them.....
 

 Rule 59. New Trials; Rehearings; Amendment of Judgments; Reconsideration
 

 (d) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment.
 

 Rule 60. Relief from Judgment or Order
 

 (a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
 

 [1]
 

 . Claims were also made to certain investment tax credits on television films. Kraft has not pursued these claims, and we need not refer to them further herein.
 

 [2]
 

 . The court had miscalculated the refund as the entire amount of the deduction whereas the refunds required application of the tax rate to that amount. The court also had based its award on more than the amount claimed for one loss.
 

 [3]
 

 . Unless noted otherwise, all citations are to the 1994 version of the Rules.
 

 [4]
 

 . FRAP Rule 4(a)(1) reads as follows:
 

 (a) Appeal in a Civil Case.—
 

 (1) Except as provided in paragraph (a)(4) of this Rule, in a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.....
 

 28 U.S.C. § 2107 reads as follows:
 

 § 2107. Time for appeal to court of appeals
 

 (a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.
 

 (b) In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days from such entry.
 

 [5]
 

 . FRAP 4(a)(4) provides in pertinent part:
 

 If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure:
 

 (A) for judgment under Rule 50(b);
 

 (B) to amend or make additional findings of fact under Rule 52(b), whether or not granting the motion would alter the judgment;
 

 (C) to alter or amend the judgment under Rule 59;
 

 (D) for attorney’s fees under Rule 54 if a district court under Rule 58 extends the time for appeal;
 

 (E) for a new trial under Rule 59; or
 

 (F) for relief under Rule 60 if the motion is served [changed to "filed” in 1995] within 10 days after the entry of judgment.
 

 [6]
 

 . For convenience, we refer to these trial court rules hereinafter simply as Rule 6 and Rule 59 without more specificity. The precedent interpreting the Federal Rules of Civil Procedure applies with equal force to the comparable Rules of the Court of Federal Claims.
 
 Patton v. Secretary of Dep’t of Health & Human Services,
 
 25 F.3d 1021, 1025 (Fed.Cir.1994). The pertinent parts of Fed.R. of Civ.P. 6, 59, and 60 and the RCFC counterparts are set out in the appendix to this opinion.
 

 [7]
 

 . The
 
 York
 
 case held that where the district court alters its prior judgment, the federal rules do not prohibit a successive 59(e) motion to reinstate original judgment.
 

 [8]
 

 . Cases, for example, relating to Rule 60(b),
 
 i.e., Felshina v. Schweiker,
 
 707 F.2d 71 (2d Cir.1983), or to a district court’s entertainment of a petition for rehearing of an order of adjudication of bankruptcy,
 
 i.e., Bowman v. Lopereno,
 
 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177 (1940), offer little, if any, guidance here.
 

 [9]
 

 . See Appendix for Rule 60(a).
 

 [10]
 

 . The rule states that:
 

 A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until THE DATE OF ENTRY OF THE ORDER DISPOSING OF THE LAST such motion outstanding____ [Emphasis added.]
 

 Further, if notice of appeal is filed while a time-tolling motion is pending and a judgment is altered or amended as a result, Rule 4(a) specifically allows such notice to be amended.
 

 [11]
 

 . While the clerk's office does not support counsel's allegation that its personnel stated Kraft's appeal would be "rejected,” we need not consider this fact question. It is immaterial to our disposition here.
 

 [12]
 

 . This is not to say that a misrepresentation by the clerk’s office personnel and not by a judge would in any event fall under the exception.
 
 See Ostemeck v. Ernst & Whinney,
 
 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989) (assurance must be given by “judicial officer").