**Nelson CORTES–CASTILLO, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7034.

United States Court of Appeals, Federal Circuit.

March 27, 2001.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

## ORDER

CLEVENGER, Circuit Judge.

Nelson Cortes–Castillo moves for leave to treat his "brief of appellant" as his response to this court's February 2, 2001 order to show cause why Cortes–Castillo's appeal should not be dismissed as untimely. The Secretary of Veterans Affairs responds and moves to dismiss as untimely.

A review of the certified list reflects that the Veterans Court dismissed Cortes–Castillo's case in an order dated July 7, 2000. A motion for reconsideration was filed on July 21, 2000. On August 8, 2000, the Veterans Court denied Cortes–Castillo's motion for reconsideration and entered judgment. Cortes–Castillo's notice of appeal was received on November 17, 2000, or 98 days after entry of judgment.

Pursuant to 38 U.S.C. § 7292(a), review of a final decision by the Court of Appeals for Veterans Claims "shall be obtained by filing a notice of appeal ... within the time and in the manner prescribed for appeal to the United States courts of appeal from United States district courts." In district court cases involving the United States, the time period for filing a notice of appeal is within sixty days after entry of judgment. Fed. R.App. P. 4(a)(1). "The time for appeal is 'mandatory and jurisdictional.'" *Kraft, Inc. v. United States*, 85 F.3d 602, 604 (Fed.Cir.1996), quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).

Cortes–Castillo argues that he did not believe that the Court of Appeals for Veterans Claims had decided all of his pending motions until issuance of the mandate on October 11, 2000. However, under the federal rules, the notice of appeal in this case was due within 60 days after the entry date of judgment by the Court of Appeals for Veterans Claims, i.e., October 10, 2000, and not the date of the mandate. Because the notice of appeal was received on November 17, 2000, 38 days late, this court must dismiss Cortes–Castillo's appeal as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) Cortes–Castillo's motion to treat his "brief of appellant" as his response to the order to show cause is granted.

(2) The Secretary's motion to dismiss is granted. The appeal is dismissed as untimely.

(3) Each side shall bear its own costs.