**Charles B. WELLS III, Claimant–Appellant,**

**v.**

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7043.**

United States Court of Appeals, Federal Circuit.

March 27, 2001.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

### ORDER

CLEVENGER, Circuit Judge.

Charles B. Wells III moves for reconsideration of this court's rejection of his appeal as untimely and for an extension of the statutory filing deadline.

On April 14, 2000, the United States Court of Appeals for Veterans Claims denied Wells's petition for a writ of mandamus. Wells submitted an appeal to this court in December 2000, which was rejected by the clerk as untimely on December 18, 2000. In his motion for reconsideration and for an extension of the filing deadline, Wells argues that he did not receive notice of his appeal rights and seeks to reopen the time for appeal.

Regardless of the particular circumstances of this case, this court is without authority to extend the statutory filing deadline. *See* Fed. R.App. P. 26(b) (court of appeals may not extend the time to file a notice of appeal); *see also Bailey v. West,* 160 F.3d 1360, 1367 (Fed.Cir.1998) (en banc).

Pursuant to 38 U.S.C. § 7292(a), review of a final decision by the Court of Appeals for Veterans Claims "shall be obtained by filing a notice of appeal ... within the time and in the manner prescribed for appeal to the United States courts of appeal from United States district courts." In district court cases involving the United States, the time period for filing a notice of appeal is within sixty days after entry of judgment. Fed. R.App. P. 4(a)(1). "The time for appeal is 'mandatory and jurisdictional.'" *Kraft, Inc. v. United States,* 85 F.3d 602, 604 (Fed.Cir.1996), quoting *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196,

203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Thus, under the federal rules, the notice of appeal in this case was due within 60 days of the April 14, 2000 order of the Court of Appeals for Veterans Claims, i.e., June 13, 2000. Because the notice of appeal was submitted in December 2000, over 60 days after issuance of the final order, we must deny Wells' motion for reconsideration and for an extension of the filing deadline.

Accordingly,

IT IS ORDERED THAT:

(1) Wells's motion for reconsideration and for an extension of the filing deadline are denied. This appeal is dismissed.

(2) Each side shall bear its own costs.