**Adelaida J. JEFFREY, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 03–7104.

United States Court of Appeals, Federal Circuit.

July 9, 2003.

Before MAYER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

*ORDER*

Adelaida J. Jeffrey responds to the court's order directing her to show cause why her appeal should not be dismissed as untimely filed. The Secretary of Veterans Affairs also responds and moves to dismiss Jeffrey's appeal as untimely.

Pursuant to 38 U.S.C. § 7292(a), review of a final decision by the Court of Appeals for Veterans Claims "shall be obtained by

filing a notice of appeal ... within the time and in the manner prescribed for appeal to the United States courts of appeal from United States district courts." In district court cases involving the United States, the time period for filing a notice of appeal is within 60 days after entry of judgment. Fed. R.App. P. 4(a)(1). "The time for appeal is 'mandatory and jurisdictional.'" *Kraft, Inc. v. United States,* 85 F.3d 602, 604 (Fed.Cir.1996) (quoting *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)). The Court of Appeals for Veterans Claims entered judgment in this case on September 20, 2002. Thus, under the statute, Jeffrey's notice of appeal was due within 60 days of that date, i.e. by November 19, 2002.* Because the notice of appeal was not received until March 17, 2003, 118 days late, this court must dismiss Jeffrey's appeal as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to dismiss is granted.

(2) Each side shall bear its own costs.

---

* Jeffrey's August 2002 correspondence addressed to the "United States Claims Court" and to this court in December 2002, does not affect her failure to file a notice of appeal within 60 days of the Court of Appeals for Veterans Claims' September 20, 2002 judgment.