**Matthew J. GALEANO, Claimant–Appellant,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 05–7093.

United States Court of Appeals, Federal Circuit.

March 31, 2005.

Before MAYER, RADER, and DYK, Circuit Judges.

*ORDER*

PER CURIAM.

Matthew J. Galeano responds to the court's order to show cause why his appeal should not be dismissed as untimely.

Pursuant to 38 U.S.C. § 7292(a), review of a final decision by the Court of Appeals for Veterans Claims "shall be obtained by filing a notice of appeal ... within the time and in the manner prescribed for appeal to the United States courts of appeal from United States district courts." In district court cases involving the United States, the time period for filing a notice of appeal is within 60 days after entry of judgment. Fed. R.App. P. 4(a)(1). "The time for appeal is 'mandatory and jurisdictional.'"

*Kraft, Inc. v. United States*, 85 F.3d 602, 604 (Fed.Cir.1996) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)).

The Court of Appeals for Veterans Claims entered judgment in this case on October 6, 2004, and Galeano filed his notice of appeal on December 13, 2004. In his response, Galeano notes that he received an extension of time until December 13, 2003 to file his brief. However, that extension time, granted one year earlier, did nothing to extend the time to file his notice of appeal of the October 6, 2004 judgment. Because Galeano failed to file his notice of appeal within 60 days of the date of judgment, this court must dismiss Galeano's appeal as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.