R. James NICHOLSON, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 2006–7187.

United States Court of Appeals,
Federal Circuit.

Aug. 21, 2006.

William M. Sykes, pro se.

Before MICHEL, Chief Judge, MAYER
and LINN, Circuit Judges.

PER CURIAM.

### ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss William M. Sykes' appeal from the United States Court of Appeals for Veterans Claims' judgment in *Sykes v. Nicholson*, 05–3273, for lack of jurisdiction.

On November 16, 2005, Sykes filed an appeal seeking review of a January 5, 2005 Board of Veterans' Appeals decision that denied his request to reopen his claim for service connection for the residuals of a low back injury. An appeal to the Court of Appeals for Veterans Claims must be filed within 120 days of the date of mailing of the Board's decision. 38 U.S.C. § 7266(a). The Court of Appeals for Veterans Claims determined that there was nothing to support tolling of the appeal period and dismissed the appeal as untimely. Sykes appeals.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

A determination whether an appeal is timely filed or whether the appeal period should be tolled involves the application of the law to the facts of the case. *Leonard v. Gober*, 223 F.3d 1374 (Fed.Cir.2000). Thus, this appeal is not within our jurisdiction. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.

Gregory B. MCCREARY,
Claimant–Appellant,

v.

R. James NICHOLSON, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 2006–7185.

United States Court of Appeals,
Federal Circuit.

Aug. 21, 2006.

Gregory B. McCreary, pro se.

Before MICHEL, Chief Judge, MAYER and LINN, Circuit Judges.

### ORDER

PER CURIAM.

Gregory B. McCreary responds to the court's order to show cause why his appeal from the Court of Appeals for Veterans Claims' judgment in *McCreary v. Nicholson*, no. 05–2543, should not be dismissed as untimely. The Secretary of Veterans Affairs also responds.

Pursuant to 38 U.S.C. § 7292(a), review of a final decision by the Court of Appeals for Veterans Claims "shall be obtained by filing a notice of appeal with the Court of Appeals for Veterans Claims within the time and in the manner prescribed for appeal to the United States courts of appeals from United States district courts." In district court cases involving the United States, the time period for filing a notice of appeal is within 60 days after entry of judgment. Fed. R.App. P. 4(a)(1). "The time for appeal is 'mandatory and jurisdictional.'" *Kraft, Inc. v. United States*, 85 F.3d 602, 604 (Fed.Cir.1996) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)). This court may not extend the time for filing a notice of appeal. Fed. R.App. P. 26(b)(1).

The Court of Appeals for Veterans Claims entered judgment in this case on January 10, 2006. The Court of Appeals for Veterans Claims received McCreary's notice of appeal on April 11, 2006, or 91 days after entry of judgment.* Because McCreary failed to file his notice of appeal within 60 days of the date of judgment, this court must dismiss McCreary's appeal as untimely.

Accordingly,

IT IS ORDERED THAT:

---

* In addition, McCreary sent this court a copy of the notice of appeal. This court received the

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

---

notice of appeal on April 7, 2006, also more than 60 days after entry of judgment.