*579
ORDER

PER CURIAM.
Pavel Maslyukov and the Director of the United States Patent and Trademark Office each respond to the court’s March 20, 2009 order directing Maslyukov to show cause why his appeal should not be dismissed as untimely. Maslyukov also moves for a 14-day extension of time to file his brief.
On September 17, 2008, 2008 WL 4354116, the United States Patent Office, Trademark Trial and Appeal Board issued its decision denying registration to Maslyukov’s application to register the mark HAIG for whisky. Maslyukov timely filed a request for reconsideration from that decision on September 29, 2008. See 37 C.F.R. § 2.144 (Any request for reconsideration must be filed within one month from the date of the decision). On October 30, 2008, the Board denied his request for reconsideration. On December 2, 2008, Maslyukov filed a second request for reconsideration. On December 16, 2008, the Board denied his request because “[t]here is no provision in the Trademark Rules for filing a second request for reconsideration.”
On January 21, 2009, Maslyukov filed an appeal seeking review by this court. The appeal was filed more than 83 days after the Board’s denial of his first request for reconsideration. The Director argues that Maslyukov’s appeal is untimely and that without the appellant having requested an extension of time from the Board, this court is without jurisdiction to review this appeal. See 37 C.F.R. § 2.144 (“Such time may be extended by the Trademark Trial Appeal Board upon a showing of sufficient cause.”).
Under 37 C.F.R. § 2.145(d), the time for filing the appeal to this court is two months from the date of the decision of the Board. See also 35 U.S.C. § 1071(a)(2) (appeal must be filed “within such time after the date of the decision from which the appeal is taken as the Director prescribes, but in no case less than 60 days.”). Section 2.145(d) further provides that in the event of a timely request for reconsideration, the time for filing an appeal “shall expire two months after action on the request.” 37 C.F.R. § 2.145(d).
Maslyukov argues that his appeal was timely because his second request for reconsideration tolled the time to file his appeal. We disagree. “Successive motions periods, which would encourage piecemeal attack on a judgment and delay appeals, are not authorized.” Kraft, Inc. v. U.S., 85 F.3d 602, 605 (Fed.Cir.1996) (internal citation omitted). In Kraft, this court held under similar circumstances that a second request for reconsideration in trial court cases may not toll the time to file an appeal unless the first order granted the initial reconsideration request and disturbed or revised a legal right or obligation. Id. at 606.
Here, it is undisputed that the Board’s first decision on the initial request for reconsideration did not grant his request for reconsideration and did not disturb or revise any legal right or obligation. The second decision advised Maslyukov that a second request for reconsideration is not permitted and that his time to appeal the Board’s decision ran from the date of the decision denying his first request for reconsideration. It is further undisputed that Maslyukov failed to file his notice of appeal within two months from the date of the Board’s decision disposing of his initial request for reconsideration. The timely filing of his notice of appeal in a civil case is a jurisdictional requirement that cannot be waived. Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Because Maslyukov failed to timely file his appeal and failed to request or obtain an extension of time to file his appeal, we must dismiss his appeal as untimely.
*580 Accordingly,
IT IS ORDERED THAT:
(1) The appeal is dismissed.
(2) All sides shall bear their own costs.
(3) Maslyukov’s motion for an extension of time is deemed moot.