# In the United States Court of Federal Claims

No. 24-85

Filed: April 25, 2025

|  | ) |
|---|---|
| DWAYNE THRASHER, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

*Andrew A. Westerfeld*, Westerfeld Law Group LLC, St. Charles, Missouri, for Plaintiff Dwayne Thrasher.

*Rebecca S. Kruser*,[1] Senior Trial Counsel, United Stated Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., with whom were *William J. Grimaldi*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General.

## OPINION AND ORDER

**MEYERS, Judge**.

Transferring a case from a district court to this court because the district court lacks subject matter jurisdiction follows a unique path under 28 U.S.C. § 1292(d)(4). And once a case arrives in this court, there are rules of this court that require plaintiffs to do certain things when their case gets here. Among them are the filing of a transfer complaint by an attorney that is a member of this court's bar, which may require counsel to gain admission to our bar before filing the transfer complaint. This case involves the effect of a dismissal for failing to prosecute a case once it got to this court. Under this court's rules, such a dismissal bars the refiling of the same claim in this court unless the prior dismissal order states otherwise—i.e., that it is without prejudice. Because the order dismissing plaintiff's prior action asserting the claims this case brings did not state that dismissal was without prejudice, claim preclusion bars this action from proceeding. Therefore, the court grants the motion to dismiss this action.

---

[1] After oral argument, Catherine M. Yang replaced Ms. Kruser as the attorney of record for the United States.

## I. Background

### A. Factual History[2]

This matter arises out of an Economic Injury Disaster Loan ("EIDL") agreement relating to the COVID-19 pandemic. ECF No. 22 ¶¶ 6-16. Section 7(b)(2) of the Small Business Act authorizes the Small Business Administration ("SBA") to make EIDL program loans to qualifying small businesses and non-profit organizations located in a disaster area. *See* 15 U.S.C. § 636(b)(2). Congress deemed COVID-19 a disaster in Title II of the Coronavirus Preparedness and Response Supplemental Appropriations Act of 2020. *See* Pub. L. No. 116-123, 134 Stat. 146, 147. Accordingly, the SBA was able to make EIDL program loans to small businesses impacted by the COVID-19 pandemic. The SBA has since stopped issuing loans under this program.[3] Mr. Thrasher alleges he applied for and was approved for an EIDL, yet never received funding from the SBA. ECF No. 22 ¶¶ 6, 13. Now, Mr. Thrasher claims he is owed $500,000.00 pursuant to that EIDL. *Id.* ¶ 24.

### B. Procedural History

This case requires an overview of procedural history in related litigation. In August 2022, Mr. Thrasher sued the SBA in Missouri state court. *See* Pet. for Specific Performance, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Sept. 6, 2022), ECF No. 1-4.[4] The Government removed the action to the United States District Court for the Eastern District of Missouri. Pet. for Removal of Action to United States Dist. Ct., *Thrasher v. United States*, No. 23-45 (Fed. Cl. Sept. 6, 2022), ECF No. 1. Mr. Thrasher, with the Government's consent, then moved to transfer the case to the United States Court of Federal Claims. Mot. for Transfer of Venue, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Oct. 3, 2022), ECF No. 8. The district court granted the transfer motion on October 20, 2022. Order of Transfer, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Oct. 20, 2022), ECF No. 10.

On November 7, 2022, the district court transferred Mr. Thrasher's case to this court. Remark, *Thrasher v. United States*, Case No. 23-45 (Fed. Cl. Nov. 7, 2022), ECF Docket Text. This court received the case on January 12, 2023. Notice, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Jan. 12, 2023), ECF No. 12; *see also Thrasher v. United States*, No. 23-45 (Fed. Cl. Jan. 12, 2023), ECF No. 11. The two-month delay in the transfer to this court was not an accident; it was required by Congress. When a party moves to transfer a case from a district

---

[2] For the purposes of this motion, the court assumes the truth of the facts asserted. Nothing in this opinion constitutes findings of fact.

[3] As of January 1, 2022, the SBA stopped accepting applications for new COVID-19 EIDL program loans. *See* COVID-19 Economic Injury Disaster Loan, U.S. Small Bus. Admin., https://www.sba.gov/funding-programs/loans/covid-19-relief-options/eidl (last visited Apr. 3, 2025). As of May 6, 2022, the SBA ceased both processing new EIDL program loan increase requests and reconsideration of previously declined loan applications. *Id.* The SBA closed the COVID-19 EIDL online portal on May 16, 2022. *Id.*

[4] The court cites to the filings as they appear on the docket in Case No. 23-45 brought before this court.

court to this court, "no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion." 28 U.S.C. § 1292(d)(4)(B).[5] The decision on the transfer motion is immediately appealable to the Federal Circuit, and if an appeal is filed the statutory stay remains in effect until the Federal Circuit decides the appeal. *Id*. Finally, for as long as the stay is in place, "no transfer to the Court of Federal Claims pursuant to the motion shall be carried out." *Id*. As a result, parties transferring cases to this court can expect at least a 60-day delay before this court will receive the case.

When this court receives a transferred case, the rules require that the plaintiff file an amended complaint within 28 days of the transfer. *See* RCFC 3.1(a)(4) ("Within 28 days after service of the notice of filing, the plaintiff must file an amended complaint, conforming to the requirements of RCFC 5.5(d)(1) and setting forth the claim or claims transferred."). And the Clerk's Office sends a notice to the plaintiff's attorney of record and the Department of Justice that includes instructions for transfer cases. *E.g.*, Notice, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Jan. 12, 2023), ECF Nos. 12; Instrs. for Transfers from Other Cts., *Thrasher v. United States*, No. 23-45, (Fed. Cl. Jan. 12, 2023), ECF No. 12-1. These instructions include the requirement to file a transfer complaint within 28 days of this court's receipt of the case and that the plaintiff's attorney of record must be a member of this court's bar. *E.g.*, Instrs. for Transfers from Other Cts., *Thrasher v. United States*, No. 23-45, (Fed. Cl. Jan. 12, 2023), ECF No. 12-1. The notice also states clearly that failure to comply with the instructions may result in dismissal for failure to prosecute. Notice, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Jan. 12, 2023), ECF No. 12.

Mr. Thrasher did not file a transfer complaint. Order at 1, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Feb. 16, 2023), ECF No. 17. The Clerk's Office also identified a second issue: Mr. Thrasher's attorney was not a member of this court's bar. Notice of NMB Status, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Jan. 12, 2023), ECF No. 15; *see* RCFC 83.1(c)(1) ("A party may have only one attorney of record in a case at any one time and . . . must be represented by an attorney (not a firm) admitted to practice before this court."). The court mailed Mr. Thrasher's attorney the notice informing him he was not a member of the bar, and other docket items, but the mail was returned to the court as unclaimed. Mail Returned, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Feb. 14, 2023), ECF No. 16.

Judge Roumel then issued a show cause order because Mr. Thrasher had not filed an amended complaint, and his attorney had not gained admission to the court's bar. Order at 2, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Feb. 16, 2023), ECF No. 17. Although the docket items had been returned to the court, Judge Roumel highlighted that "all . . . Notices were emailed to Plaintiff's counsel," and the clerk of court also emailed the show cause order to Mr. Thrasher's counsel. *See id.* at 2. Because Mr. Thrasher did not respond to the court in any way, the court dismissed that case for failure to prosecute. Order, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Mar. 6, 2023), ECF No. 18.

Three months after Judge Roumel dismissed Mr. Thrasher's case, he filed this one, No. 24-85, again suing the SBA. This time, he sued in the Eastern District of Missouri. ECF No. 1.

---

[5] Congress does allow district courts to grant "preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary." 28 U.S.C. § 1292(d)(4)(B).

The district court transferred Mr. Thrasher's case to this court. ECF No. 13 at 4. Once this case arrived at this court after the statutory stay, the Clerk's Office sent the notice with instructions to Plaintiff's counsel stating that the amended complaint must be filed within 28 days and that the attorney of record must be a member of this court's bar. ECF Nos. 15 & 15-1. Like before, this notice also warned that failure to comply with the instructions could result in dismissal for failure to prosecute. ECF No. 15. The Clerk's Office also recognized that Mr. Thrasher's attorney was not a member of this court's bar and provided direction on the requirement to file an amended complaint. ECF No. 19. Mr. Thrasher moved for additional time to file his required amended complaint while his counsel sought admission to the court's bar. ECF Nos. 18, 20. The court granted those motions. ECF No. 21 (Docket Text). Mr. Thrasher's attorney gained admission to practice in this court and filed an amended complaint. ECF No. 22. The Government moved to dismiss the complaint under RCFC 12(b)(1) and RCFC 12(b)(6). ECF No. 25. The court now considers that motion.

## II.    Standard of Review

"A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy." *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006) (alteration in original) (quoting *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000)). As the Supreme Court has explained, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And to be "plausible on its face," it "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555, 570; *see also Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (explaining Rule 8 "does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face"). In other words, the complaint must contain enough detail "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998). Nevertheless, the court "must assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." *United Pac. Ins. Co.*, 464 F.3d at 1327-28 (quoting *Anaheim Gardens v. United States*, 444 F.3d 1309, 1314-15 (Fed. Cir. 2006)).

## III.    Discussion

Mr. Thrasher's complaint alleges his EIDL program loan agreement was a binding contract with the SBA, so, he says, its failure to fund the EIDL was a breach of that contract. ECF No. 22 ¶¶ 6-10, 13-15. He originally sought damages, declaratory judgment, and specific performance to remedy the alleged breach. ECF No. 22 at 2 ¶¶ 1-3, 24. The Government moved to dismiss Mr. Thrasher's claims for specific performance and declaratory judgment for lack of subject matter jurisdiction. ECF No. 25 at 8-9. In his response to the Government's motion, Mr. Thrasher conceded that "this court lacks subject-matter jurisdiction to grant Plaintiff a declaratory judgment or specific performance." ECF No. 26 at 1. Thus, the court grants the Government's motion to dismiss Mr. Thrasher's claims for declaratory judgment and specific performance. As a result, Mr. Thrasher proceeds only with his claim for money damages. *Id.*

The Government argues this remaining claim is barred by *res judicata*, or, in the alternative, fails to state a claim. ECF No. 25 at 9-13.

## A. Mr. Thrasher's claim is barred by *res judicata*.

Res judicata encompasses two related but distinct doctrines—claim preclusion and issue preclusion. Although the Government seeks to assert both, it appears that it is, in fact, raising a claim preclusion argument. To succeed on its motion, the Government must establish that: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citations omitted). Here, Mr. Thrasher does not dispute that the parties and the claims are the same. *See* ECF No. 26. Accordingly, the court need only determine whether the case before Judge Roumel resulted in a "final judgment on the merits."

Recall that Judge Roumel dismissed Case No. 23-45 for failure to prosecute pursuant to RCFC 41(b). Order, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Mar. 6, 2023), ECF No. 18. The question, then, is whether a dismissal for failure to prosecute constitutes "a final judgment on the merits." *Ammex, Inc.*, 334 F.3d at 1055 (citations omitted). In this case, it does.

The court begins, and ends, with the text of the rule. Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule— except one for lack of jurisdiction . . . —operates as an adjudication upon the merits." RCFC 41(b). Judge Roumel's order did not state that the dismissal was not an adjudication on the merits—i.e., was without prejudice. Rather, she simply ordered that "Plaintiff's action is **DISMISSED** pursuant to Rule 41(b) for failure to prosecute." Order, *Thrasher v. United States*, No. 23-45 (Fed. Cl. Mar. 6, 2023), ECF No. 18. Accordingly, under RCFC 41(b), that dismissal constitutes a final adjudication on the merits.

Mr. Thrasher contests that the RCFC 41(b) dismissal constituted a final adjudication on the merits sufficient to bar this action. ECF No. 26 at 1. He relies primarily upon *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), to argue that that a Rule 41(b) dismissal "[i]s not dispositive of claim preclusion." ECF No. 26 at 1 (citing *Semtek*, 531 U.S. at 500-06). To understand *Semtek*, however, one must understand the factual circumstances underlying it. There, a district court in California, sitting in diversity, dismissed a complaint as untimely under state law and Federal Rule of Civil Procedure 41(b)[6] provided that the dismissal was an adjudication on the merits because the order did not state otherwise. *Semtek*, 531 U.S. at 499. The plaintiff then refiled the case in the district court in Maryland, which had a longer statute of limitations than California did. *Semtek*, 531 U.S. at 499-500. The issue before the

---

[6] Because this court's Rule 41(b) is materially the same as Rule 41(b) of the Federal Rules of Civil Procedure, the court follows other court's decisions applying that rule. *Kraft, Inc. v. United States*, 85 F.3d 602, 605 n.6 (Fed. Cir.) ("[P]recedent interpreting the Federal Rules of Civil Procedure applies with equal force to the comparable Rules of the Court of Federal Claims." (citation omitted)), *opinion modified on other grounds on denial of reh'g*, 96 F.3d 1428 (Fed. Cir. 1996).

Supreme Court in *Semtek* was whether the dismissal of the California case necessarily precluded the filing of the Maryland case. *Semtek*, 531 U.S. at 506.

As the United States Court of Appeals for the Federal Circuit recognized, however, *Semtek* applies when district courts dismiss cases they hear based on the diversity of the parties. Specifically, the Federal Circuit concluded that *Semtek* "simply recognized that 'federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity.'" *Lab'y Corp. of Am. Holdings v. Metabolite Lab'ys, Inc.*, 599 F.3d 1277, 1286 (Fed. Cir. 2010) (quoting *Semtek*, 531 U.S. at 507-08). In such dismissals, the preclusive effect of a dismissal is governed by "the law that would be applied by state courts in the State in which the federal diversity court sits." *Lab'y Corp.*, 599 F.3d at 1286 (quoting *Semtek*, 531 U.S. at 507-08). In other words, *Semtek* is an application of the *Erie* doctrine that applies when a district court's jurisdiction is based on the diversity of the parties' citizenship. This court, of course, does not have jurisdiction over any case based on the diversity of citizenship of the parties; only the district courts do. 28 U.S.C. § 1332(a) ("The *district courts* shall have original jurisdiction of all civil actions . . . between citizens of different States . . . .") (emphasis added). This court's jurisdiction arises under the Tucker Act, 28 U.S.C. § 1491(a)(1), which grants jurisdiction for certain monetary claims against the United States. Because this court's jurisdiction is not based on diversity, *Semtek* is "inapposite." *Lab'y Corp.*, 599 F.3d at 1286 .

The court's conclusion finds further support in *Farmer v. Perrill*, 275 F.3d 958 (10th Cir. 2001). There, the court considered the preclusive effect of a claim based on a federal question that had previously been dismissed with prejudice for failure to prosecute. *Farmer*, 275 F.3d at 961. Like the Federal Circuit, the Tenth Circuit explained *Semtek*'s limitation to diversity cases:

> *Semtek* addressed the proper reading of Rules 41(a) and 41(b) in terms of the claim-preclusive effect of a federal court's dismissal with prejudice[—]amounting to an "adjudication on the merits" under Rule 41(b)—on a later *state court action* (or its analytical equivalent, a federal diversity action governed by state law under *Erie v. Tompkins* principles). By contrast, what is posed here is the effect of a prior federal-question judgment of dismissal on a second *federal-question case.*

*Id.* at 963. The Tenth Circuit recognized that it was in no way inconsistent with *Semtek* to bar the same claim returning from to the same court that had already dismissed it for failure to prosecute. *Id.* at 963-64. Thus, *Semtek*'s application of the *Erie* doctrine does not apply to this case, which does not present any question of state law.

Even if *Semtek* did apply to this case, the result would be the same. In *Semtek*, the Supreme Court concluded that "the effect of the 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the United States District Court for the Central District of California." *Semtek*, 531 U.S. at 506. In other words, if the plaintiff had tried to refile that same claim in the same court (the United States District Court for the Central District of California), it would be barred regardless of whether plaintiff could file the same claim in another court may be barred as well. Here, Mr. Thrasher attempts to bring the same claim in this

court that another judge on *this court* previously dismissed pursuant to RCFC 41(b).  He is trying to do what *Semtek* does not allow—bring the same claim in the same court that previously dismissed it.  That he cannot do.

Finally, the parties dispute the applicability of *Saladino v. United States*, 62 Fed. Cl. 782 (2004).  In *Saladino*, the court found that "an 'adjudication upon the merits' under Rule 41(b) does not operate as a final decision on the merits for purposes of res judicata."  62 Fed. Cl. at 789 (quoting *Semtek*, 531 U.S. at 503-04).  Additionally, it stated that the "Supreme Court explained that Rule 41(b)'s use of the phrase 'on the merits' only means that the dismissal operates with prejudice, which 'is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts.'"  *Id.* (quoting *Semtek*, 531 U.S. at 506).  Ultimately the court held that, because of *Semtek*, RCFC 41(b) did "not dispose of [the plaintiff's] latest complaints." *Id.*  Instead, in order to establish the second element of *res judicata*, the court relied on Federal Circuit precedent stating, "principles of merger and bar may apply even though a judgment results by default, consent, or dismissal with prejudice although care must be taken to insure the fairness in doing so."  *Id.* (quoting *Young Eng'rs, Inc. v. U.S. Int'l Trade Comm'n*, 721 F.2d 1305, 1314 (Fed. Cir. 1983)).  Based on the facts of that case, the court held that it was fair to apply preclusion and hold that plaintiff's claims were barred by *res judicata*.  *Id.*  But *Saladino* did not have the benefit of the Federal Circuit's decision in *Lab Corp.*, which the Federal Circuit issued six years after *Saladino*, that *Semtek* is inapposite in cases where jurisdiction does not depend on diversity.  And, as discussed above, *Semtek* itself makes clear that although a dismissal under Rule 41(b) might not bar refiling of a claim in *another* court, it does bar refiling the same claim in the same court that previously dismissed it.  *Semtek*, 531 U.S. at 506; *see also Lab'y Corp.*, 599 F.3d at 1286; *Farmer*, 275 F.3d at 963.

## IV.      Conclusion

Rule 41(b), as interpreted by the Supreme Court and Federal Circuit, clearly provides that dismissal for failure to prosecute "operates as an adjudication upon the merits" and claim preclusion bars Mr. Thrasher from bringing the same claim back to this court following a dismissal that does not state that it is without prejudice.  RCFC 41(b).  To the extent that Mr. Thrasher seeks to avoid Judge Roumel's ruling in No. 23-45, his proper recourse (if any) would appear to be to seek relief from the judgment in Case No. 23-45, not refile his claim as though the prior case never happened.

For the foregoing reasons, the court GRANTS Defendant's motion to dismiss, ECF No. 25.  The court DIRECTS the Clerk's Office to enter judgment accordingly.

It is so ORDERED.


                                                    s/ Edward H. Meyers
                                                    Edward H. Meyers
                                                    Judge