**DIXIE SAND AND GRAVEL COMPANY, INC., a Tennessee Corporation, Plaintiff–Appellant,**

v.

**TENNESSEE VALLEY AUTHORITY, Defendant–Appellee.**

No. 80–7085
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Nov. 21, 1980.

F. A. Courtenay, Jr., New Orleans, La., for plaintiff–appellant.

Herbert S. Sanger, Jr., James E. Fox, Asst. Gen. Counsel, Michael R. McElroy, Thomas C. Doolan, Knoxville, Tenn., for defendant–appellee.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant sued TVA alleging that its failure to maintain a nine foot channel in a segment of the Tennessee River caused the sinking of appellant's barge. The district court granted TVA's motion for summary judgment on the basis of a law clerk's memorandum, which was attached to the order. Appellant filed a timely motion for reconsideration of the grant of summary judgment. The district court denied this motion but amended the judgment. Appellant moved for reconsideration of the amended judgment. After this motion was denied, appellant filed its notice of appeal. Because the notice of appeal was filed more than 60 days after the denial of appellant's first motion for reconsideration, this court, *sua sponte*, directed the parties to brief the issue whether the appeal should be dismissed as untimely under F.R.A.P. 4(a).[1]

Appellant seeks to distinguish *Wansor v. George Hantscho Co.*, 570 F.2d 1202 (5th Cir. 1978) and *Ellis v. Richardson*, 471 F.2d 720 (5th Cir. 1973), in which we held that "[a] motion to reconsider an order disposing of a motion of the kind enumerated in [F.R.A.P.] Rule 4(a) does not again terminate the running of the time for appeal," *Wansor, supra*, at 1206, on the ground that its appeal was taken from the *amended* judgment, and not from the original judgment as in *Wansor* and *Ellis*. Although the cases are factually distinguishable, we are not persuaded that a different rule should apply.

---

1. F.R.A.P. 4(a) provides in pertinent part:

(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry. . . .

   .    .    .    .    .

(4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. . . .

The district court's order, as explicated by the attached memorandum, granted summary judgment for TVA on alternative grounds. The memorandum indicates (1) that there was no genuine issue of fact regarding the depth of the river at the time appellant's barge sank, and (2) that, regardless of the depth of the river, TVA had no enforceable duty to maintain a nine foot channel. It is apparent that the memorandum resolved factual issues in reaching the first conclusion, and this was the reason for the district court's amendment of the judgment. Appellant apparently recognized this, as its memorandum in support of its first motion for reconsideration challenged both grounds, although it addressed the legal issue only briefly. The district court recognized that the memorandum had improperly resolved factual issues, and it accordingly amended the judgment to rest solely on ground (2). Thus the amended judgment did not rest on a new ground but on one of the two original grounds.[2] Were we to hold that appellant's motion for reconsideration of the amended judgment terminated the running of the time for filing notice of appeal, a party aggrieved by a judgment resting on several grounds could extend the time for appeal virtually indefinitely by filing successive motions for reconsideration challenging each of the grounds *seriatim.*

The appeal is DISMISSED.

---

**2.** Although this is not a case involving an amended judgment resting upon a new ground not involved in the original judgment, 6A Moore's Federal Practice ' 59.13[4] suggests that the same result should obtain.