825 F.2d 410
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamar FLETCHER, Plaintiff-Appellant,
v.
Elly HOOD, et al., Defendants-Appellees.
 No. 87-5593
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1987.
 
 ORDER
 Before KENNEDY, JONES and NELSON, Circuit Judges.
 
 
 1
 This appeal has been referred to this panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Plaintiff filed a 28 U.S.C. Sec. 1983 civil rights complaint which was dismissed by the district court by judgment entered March 3, 1987. A Rule 59(e), Federal Rules of Civil Procedure, motion to reconsider was served on March 5, 1987; it tolled the appeals period. Rule 4(a)(4), Federal Rules of Appellate Procedure. Reconsideration was denied by order entered April 10, 1987. On May 7, 1987, a motion for judgment on the pleadings was filed. Plaintiff has appealed from a ruling entered May 14, 1987, denying the motion for judgment on the pleadings.
 
 
 3
 The motion for judgment on the pleadings was a Rule 59(e), Federal Rules of Civil Procedure, motion because it sought to have the district court reconsider or amend the judgment and/or the motion to reconsider. An order denying a Rule 59 motion is not a final judgment or appealable order; it can only be reviewed on appeal from a final judgment rendered in the same action. Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1548, United Mine Workers of America, 484 F.2d 78 (6th Cir. 1973). Even if the notice of appeal is treated as having been taken from the final judgment, this court lacks jurisdiction. The second Rule 59 motion did not toll the appeals period. Dixie Sand and Gravel Co. v. Tennessee Valley Authority, 631 F.2d 73 (5th Cir. 1980). The notice of appeal was due to be filed on or before May 11, 1987, and its filing on May 22, 1987, was eleven days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.