**Dale L. OYER, Transferee, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Appellee.**

**Acme Leasing Trust, Transferee, Appellant,**

v.

**Commissioner of Internal Revenue Service, Appellee.**

**ABC Seamless Trust, Transferee, Appellant,**

v.

**Commissioner of Internal Revenue Service, Appellee.**

**Shirley J. Oyer, Transferee, Appellant,**

v.

**Commissioner of Internal Revenue Service, Appellee.**

Nos. 03–3389 to 03–3392.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 2004.

Decided May 20, 2004.

John H. Trader, Trader & Sullivan, Kansas City, MO, for Appellant.

Richard Farber, Eileen J. O'Connor, U.S. Department of Justice, Gretchen M. Wolfinger, U.S. Department of Justice, Office of Immigration Litigation, B. John Williams, Jr., Chief Counsel, U.S. Internal Revenue Service, Office of Chief Counsel, Washington, DC, for Appellee.

Before MORRIS SHEPPARD ARNOLD, MAGILL, and MURPHY, Circuit Judges.

PER CURIAM.

This is an appeal from the Tax Court's order granting summary judgment in favor of the Internal Revenue Service in taxpayers' suit challenging the IRS's determination that they were liable as transferees for taxes in the amount of approximately $90,000. The Tax Court held, *inter alia*, that the doctrine of *res judicata* barred taxpayers from contesting the

amount owed because the court had previously entered stipulated decisions against taxpayers that determined the taxes that are the subject of the dispute here.

We have carefully examined the record and conclude that the Tax Court correctly applied the doctrine of *res judicata* in this case. We therefore affirm on the basis of its well-reasoned decision. *See* 8th Cir. R. 47B.