United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61029
Summary Calendar

RUSSELL STREIFFERT; SHARON STREIFFERT,

Petitioners - Appellants,

versus

INTERNAL REVENUE SERVICE,

Respondent - Appellee.

--------------------
Appeal of a Decision of the
United States Tax Court
No. 3613:04L
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Petitioners Russell and Sharon Streiffert appeal from a decision of the United States Tax Court. As discussed below, we dismiss the appeal, deny Petitioners' motions for summary judgment and attorney's fees, and grant respondent's motion for sanctions under Fed. R. App. P. 38 in the amount of $3,500.

In February 2001, Petitioners filed their 1998 federal income tax return. On that return, they reported all zeros,

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

except they claimed a refund of $5,115 for withholding amounts. The IRS, having determined that Petitioners owed $15,267 in tax, $2,538 for filing late, and $2,030 in accuracy-related penalties, issued a notice of deficiency. After an administrative hearing requested by Petitioners under 26 U.S.C. § 6330, the IRS notified Petitioners that it had determined that their arguments were frivolous and the IRS proposal to collect the tax by levy was proper.

In February of 2004, Petitioners requested review of that determination by the Tax Court under 26 U.S.C. § 6330(d)(1). The petition argued, in essence, that the IRS has no authority to impose or collect taxes. The Tax Court granted the IRS's motion to dismiss, ordering that the IRS could proceed with the proposed levy, and ordering Petitioners to pay the United States $5,000 in sanctions.

Petitioners filed a motion to vacate the order and decision in May of 2004, which the Tax Court denied. In August of that year, Petitioners filed an untimely motion for reconsideration of the order and decision of the Tax Court, which also was denied. In November of 2004 Petitioners filed an untimely notice of the instant appeal. In their brief, they advance essentially the same arguments presented to the Tax Court. Specifically, they argue that they are "not subject to formal procedures of rules and law, unless the [C]court declares that Petitioners are slaves of the government" and that they are "Superior Sovereigns not

subject to law."

Petitioners' failure to file a timely notice of appeal is fatal to our jurisdiction. Petitioners had 90 days from the date of the decision of the Tax Court, May 13, 2004, to file a notice of appeal. *See* 26 U.S.C. § 7483. The appeal period was tolled under Fed. R. App. P. 13(a)(2) until May 21, 2004, the date the Tax Court denied Petitioners' timely motion to vacate the decision. Petitioners' untimely motion for reconsideration did not further toll the filing period. *See* Fed. R. App. P. 13(a)(2) (providing tolling for a "*timely* motion to vacate or revise the Tax Court's decision" (emphasis added)). Consequently, the 90-day filing period expired on August 19, 2004. By the time Petitioners filed a notice of the instant appeal in November, the decision of the Tax Court was no longer subject to review. *See* 26 U.S.C. § 7481(a)(1). In any event, the arguments raised by Petitioners have at all times been frivolous and without merit, and we decline to entertain those arguments here. *See Crain v. Comm'r of Internal Revenue,* 737 F.2d 1417, 1417 (5th Cir. 1984)("[R]efut[ing] these arguments with somber reasoning and copious citation of precedent . . . might suggest that these arguments have some colorable merit.").

Accordingly, the case is DISMISSED for lack of jurisdiction. Petitioners' motion for attorney's fees and motion for summary judgment are DENIED. Respondent's motion for sanctions under Rule 38 is GRANTED in the amount of $3,500.