T.C. Memo. 2014-62

UNITED STATES TAX COURT

RUSSELL STREIFFERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24162-10L.                    Filed April 8, 2014.

In docket No. 3613-04L, P and his wife challenged a notice of
determination by the IRS Appeals Office sustaining a proposed levy
to collect their joint federal-income-tax liability for 1998. The Tax
Court dismissed the case because the petition did not contain any
arguments with legal basis. The Court ordered P and his wife to pay a
penalty of $5,000 under I.R.C. sec. 6673. The U.S. Court of Appeals
dismissed the untimely notice of appeal that P and his wife filed and
imposed a $3,500 sanction against them under Fed. R. App. P. 38. In
docket No. 3853-05L, P challenged a notice of determination by the
IRS Appeals Office sustaining a proposed levy to collect his federal
income-tax liabilities for the tax years 1996, 1997, 1999, 2000, and
2001, and a $500 frivolous-return penalty assessed against him for the
tax year 1997. The notice of determination included the
determination that P's return for 1997 was frivolous. The Tax Court
dismissed the case because the arguments in the petition were
frivolous and groundless. The Court ordered P to pay a penalty of
$10,000 under I.R.C. sec. 6673. P now files a petition challenging a

[*2] notice of determination by the IRS Appeals Office sustaining (1) a proposed levy to collect his federal income-tax liability for the tax year 2002 and (2) a notice of federal tax lien to collect (a) his federal income-tax liabilities for the tax years 1996, 1997, 1998, 1999, 2000, 2001, 2002 and (b) the $500 frivolous-return penalty assessed against him for the tax year 1997.

Held: P's argument that the IRS failed to personally interview him to ascertain his income-tax liabilities is without merit.

Held, further, P cannot challenge the merits of his income-tax and frivolous-return-penalty liabilities anyway. Under I.R.C. sec. 6330(c)(2)(B), a taxpayer may not challenge the existence or amounts of liabilities in a proceeding before the IRS Appeals Office if the taxpayer had a prior opportunity to raise the challenge. With respect to P's income-tax liabilities for 1996, 1997, 1998, 1999, 2000, and 2001, if P received notices of deficiency, then his right to file a petition in the Tax Court for redetermination of the deficiencies constituted his prior opportunity to challenge the existence or amounts of the income-tax liabilities. If he did not receive notices of deficiency, then he could have presented his challenges to the existence or amounts of the income-tax liabilities to the IRS Appeals Office at his prior two proceedings at that Office. (The first proceeding involved the 1998 year; the second proceeding involved the years 1996, 1997, 1999, 2000, and 2001.) Even if the IRS Appeals Office had refused to consider his challenges, he could have asserted the challenges directly in the Tax Court cases by which he sought review of the Appeals Office's determinations. With respect to his 2002 income-tax liability, we consider P to have received a notice of deficiency. With respect to the $500 frivolous-return penalty assessed against P for the tax year 1997, P had a prior opportunity to challenge the existence and amount of the penalty in the second proceeding at the IRS Appeals Office.

Held, further, P maintained this proceeding to delay collection of his liabilities. His position is meritless. We impose an I.R.C. sec. 6673 penalty of $15,000.

[*3]   Russell Streiffert, pro se.

Gordon P. Sanz and Randall G. Durfee, for respondent.

MEMORANDUM OPINION

MORRISON, Judge:  This case is an appeal, pursuant to section 6330(d)(1), by which the petitioner, Mr. Russell Streiffert, seeks this Court's review of a determination by the IRS Appeals Office sustaining:

(1)    the filing of a notice of federal tax lien to collect Mr. Streiffert's income-tax liabilities for 1996, 1997, 1998, 1999, 2000, 2001, and 2002,

(2)    the filing of a notice of federal tax lien to collect Mr. Streiffert's $500 frivolous-return penalty for 1997, and

(3)    a proposed levy to collect Mr. Streiffert's income-tax liability for 2002.

The respondent (whom we refer to as the IRS) has moved for summary judgment and for the Court to impose a penalty under section 6673.  We will grant the motion.

**[\*4]** Except as otherwise noted, all citations of sections refer to the Internal Revenue Code of 1986, as amended (26 U.S.C.) and in effect at all relevant times.

Background

The following facts are based on the assertions in the IRS's motion papers that are supported in accordance with Tax Court Rule of Practice and Procedure 121 and as to which Mr. Streiffert did not raise any genuine dispute as to any material fact. At the time he filed his petition, Mr. Streiffert resided in Texas.

Mr. Streiffert has been involved in three cases before the U.S. Tax Court, including the present case. All three cases are described below.

1. The first case: Russell and Sharon Streiffert v. Commissioner, Tax Court docket No. 3613-04L

On January 29, 2004, after a collection-review hearing, the IRS Appeals Office issued a notice determining to proceed with a proposed levy to collect the joint federal income tax liability of Mr. Streiffert and his wife, Ms. Sharon Streiffert, for the tax year 1998. Order at 1-2, docket No. 3613-04L, May 13, 2004. The Appeals Office's notice of determination stated that the Streifferts had "only raised frivolous issues, which we [the Appeals Office] could not address during a Collection Due Process Hearing [i.e., a collection-review hearing]." Entry No. 3, Ex. A at 2, docket No. 3613-04L, Mar. 22, 2004. The notice stated

**[\*5]** that the requirements of all applicable law and administrative procedure had been followed, although it did not specifically state whether a notice of deficiency had been issued for 1998. The notice did not state that the Streifferts had had a prior opportunity to dispute their underlying tax liability or that they were barred from contesting their underlying tax liability at the collection-review hearing. The Streifferts filed a petition with the Tax Court challenging the notice of determination. Order at 2, docket No. 3613-04L, May 13, 2004. That case was assigned docket No. 3613-04L.

The Court dismissed the Streifferts' case for failure to state a claim upon which relief could be granted. Id. at 4. It observed that the Streifferts' petition and other filings contained "a hodgepodge of rhetoric, unsupported assertions, and legalistic gibberish without any actual legal basis." Id. at 4. It ordered the Streifferts to pay a penalty of $5,000 under section 6673. Id. at 5. The Court warned the Streifferts that it would consider imposing larger penalties if they advanced similar arguments in future litigation. Id. at 4.

The Streifferts filed an untimely notice of appeal which the U.S. Court of Appeals for the Fifth Circuit dismissed. Streiffert v. IRS, 140 Fed. Appx. 527, 529 (5th Cir. 2005). It imposed a $3,500 sanction on the Streifferts under Federal Rule

**[\*6]** of Appellate Procedure 38, observing that the Streifferts' arguments "have at all times been frivolous and without merit". Id. at 529.

2. The second case: Russell Streiffert v. Commissioner, Tax Court docket No. 3853-05L

On January 27, 2005, after a collection-review hearing, the IRS Appeals Office issued a notice determining to proceed with a proposed levy to collect (1) Mr. Streiffert's federal income tax liabilities for the tax years 1996, 1997, 1999, 2000, and 2001 and (2) a $500 frivolous-return penalty that the IRS had assessed against Mr. Streiffert for tax year 1997. Order at 1, docket No. 3853-05L, Aug. 9, 2005; Entry No. 5, Ex. B (2d) at 3, docket No. 3853-05L, May 3, 2005. The notice of determination stated that Mr. Streiffert was precluded from challenging the underlying income-tax liabilities at the collection-review hearing because he had previously received a statutory notice of deficiency for 1996, 1997, 1999, 2000, and 2001. Entry No. 5, Ex. B (2d) at 3, docket No. 3853-05L, May 3, 2005. The notice of determination also stated that Mr. Streiffert was liable for the $500 frivolous-return penalty because, the notice concluded, the Form 1040, U.S. Individual Income Tax Return, he had submitted to the IRS for tax year 1997 was frivolous. Id. at 5.

**[\*7]**   On February 28, 2005, Mr. Streiffert filed a petition with the Tax Court challenging the Appeals Office's notice of determination.  Order at 1, docket No. 3853-05L, Aug. 9, 2005.  Because the petition contained nothing but frivolous and groundless arguments, the Court dismissed the case for failure to state a claim upon which relief could be granted.  Id. at 2-3.  The Court ordered Mr. Streiffert to pay a penalty under section 6673 of $10,000.  Id. at 4.  The Court observed that Mr. Streiffert had raised frivolous and groundless arguments in the Streifferts' prior case at docket No. 3613-04L.  Id. at 3.

3.    The third (and present) case:  Russell Streiffert v. Commissioner, Tax Court docket No. 24162-10L

On September 30, 2010, after a collection-review hearing, the IRS Appeals Office determined to sustain the following collection actions:

(1)    the filing of a notice of federal tax lien to collect Mr. Streiffert's income-tax liabilities for 1996, 1997, 1998, 1999, 2000, 2001, and 2002;

(2)    the filing of a notice of federal tax lien to collect Mr. Streiffert's $500 frivolous-return penalty for 1997; and

(3)    a proposed levy to collect Mr. Streiffert's income-tax liability for 2002.

**[*8]** The notice of determination reflected that the hearing with Mr. Streiffert had been conducted by correspondence.

The notice stated that at the hearing Mr. Streiffert had challenged the assessments of income-tax liability for 1996, 1997, 1998, 2000, 2001, and 2002 on the grounds that the IRS had not conducted an examination interview. The notice stated that the challenge was unmeritorious: "The guidelines set forth under the Code of Federal Regulations under 601.105 are not mandatory. These procedural rules are directory. The failure of the service to conduct a face to face examination does not make the assessments invalid." The notice stated that the IRS had issued statutory notices of deficiency regarding 1996, 1997, 1998, 1999, 2000, 2001, and 2002. The notice stated that Mr. Streiffert was unable to dispute his underlying liabilities because he had had a prior opportunity to do so:

> The taxpayer has had ample opportunities to present evidence of his tax liability.
>
> The taxpayer is no stranger to tax court. The taxpayer has previously petitioned tax court under IRC 6330 collection due process for proposed levy action. Tax court case under docket number 3613-04 addressed 1040 liability for tax year 1998. Tax court case under docket number 3853-05 addressed 1040 liabilities for tax year(s) 1996, 1997, 1999, 2000, 2001 and civil penalty assessment under Internal Revenue Code (IRC) 6702(a) for tax year 1997. The tax court cases mentioned above were dismissed for lack of jurisdiction. The taxpayer is unable to raise the liability due to prior opportunity.

[*9] The notice determined that Mr. Streiffert was liable for the $500 frivolous-return penalty because, the notice concluded, he had submitted a frivolous Form 1040 for the tax year 1997.

On or about October 29, 2010, Mr. Streiffert filed a 366-line petition with the Tax Court challenging the Appeals Office's notice of determination. The IRS moved to strike the petition, except for lines 216 through 227, on the grounds that the material raised frivolous arguments. On June 17, 2011, the Court struck the petition except for lines 216 through 227 and a three-paragraph introduction at the beginning of the petition.

On December 19, 2011, the IRS filed a motion for summary judgment and for the Court to impose a penalty under section 6673. In the motion the IRS contends that during the prior two Tax Court cases (and the related collection-review hearings) Mr. Streiffert had had prior opportunities to challenge (1) the income-tax liabilities for the years 1996 through 2001 and (2) the frivolous-return penalty for the year 1997. The IRS contends that during his last collection-review hearing, Mr. Streiffert did not deny receiving a notice of deficiency for 2002. Mr. Streiffert responds that the notices of deficiency, and the assessments of the income-tax liabilities and the frivolous-return penalty, are invalid because the IRS did not conduct an examination interview regarding his income-tax liabilities for

[*10] those years.  He contends that the source of his right to an examination

interview is found in section 601.105(b)(2)(i), Statement of Procedural Rules.  He

also contends that he did not receive any notices of deficiency.

4.      Summary of the three cases

The following table reflects the types of liabilities and tax periods involved

in the three cases.

| Tax Court litigation: IRS collection activity against Mr. Streiffert | | |
|---|---|---|
| Key: 04L = docket No. 3613-04L (wife is co-party) 05L = docket No. 3853-05L 10L = docket No. 24162-10L | | |
| Annual tax period and type of liability | Type of collection activity | |
| | Levy | Lien |
| 1996 income tax | 05L | 10L |
| 1997 income tax | 05L | 10L |
| 1997 sec. 6702 penalty | 05L | 10L |
| 1998 income tax | 04L (involving joint liability) | 10L |
| 1999 income tax | 05L | 10L |
| 2000 income tax | 05L | 10L |
| 2001 income tax | 05L | 10L |
| 2002 income tax | 10L | 10L |

**[\*11]**                                    <u>Discussion</u>

I.      <u>Summary judgment</u>

Summary judgment may be granted where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Tax Ct. R. Pract. & Proc. 121(a) and (b). The party moving for summary judgment (here, the IRS) bears the burden of showing that there is no genuine dispute as to any material fact, and factual inferences will be drawn in the manner most favorable to the party opposing summary judgment (here, Mr. Streiffert). <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). However, Tax Court Rule of Practice and Procedure 121(d) provides:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or declarations or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine dispute for trial. * * *

When a taxpayer fails to pay any federal tax liability within 10 days of notice and demand for payment, the IRS may collect the unpaid tax by levy on the taxpayer's property pursuant to section 6331. Before the IRS may proceed with a levy, the taxpayer is entitled to administrative review pursuant to section 6330. Administrative review takes the form of a hearing before the IRS Appeals Office.

**[\*12]** Sec. 6330(b). The pertinent procedures for this collection-review hearing are set forth in section 6330(c). First, the Appeals Office must obtain verification from the Treasury Department that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). Second, the taxpayer may "raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy", including challenges to the appropriateness of the collection action and offers of collection alternatives. Sec. 6330(c)(2)(A). Section 6330(c)(2)(B) provides that the taxpayer may contest the existence and amount of the underlying tax liability, but only if the taxpayer did not receive a notice of deficiency and "did not otherwise have an opportunity to dispute such tax liability." See Baltic v. Commissioner, 129 T.C. 178, 180-181 (2007); Oyer v. Commissioner, T.C. Memo. 2003-178, slip op. at 15-17, aff'd, 97 Fed. Appx. 68 (8th Cir. 2004). A similar collection-review hearing is also afforded to a taxpayer upon the IRS's filing of a notice of federal tax lien. Sec. 6320(b)(1).

After the Appeals Office has issued its determination, the taxpayer may appeal the determination to the Tax Court, pursuant to section 6330(d)(1), as Mr. Streiffert has done. In such an appeal, we review de novo any determination of the Appeals Office as to the underlying liability that is properly at issue. See Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006);

**[*13]** <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). As to other matters, we review the determination of the Appeals Office for abuse of discretion--that is, we decide whether the determination was arbitrary, capricious, or without sound basis in fact or law. <u>Murphy v. Commissioner</u>, 125 T.C. at 308; <u>Sego v. Commissioner</u>, 114 T.C. at 610; <u>Goza v. Commissioner</u>, 114 T.C. at 182.

As reflected in his response to the motion for summary judgment, Mr. Streiffert's attack on the determination of the Appeals Office is that the IRS's examination of his income-tax liabilities failed to include a personal interview with him. The IRS interprets Mr. Streiffert's lack-of-interview argument to be an attempt to contest his underlying tax liabilities. It contends that Mr. Streiffert was not entitled to contest his underlying tax liabilities at the collection-review hearing because he had prior opportunities to do so. These views are reflected in the following passage from the IRS's motion:

> Petitioner did have a prior opportunity to contest the underlying tax liability and participated meaningfully in a previous administrative proceeding and previous judicial proceeding. Petitioner was previously before this Court in Docket Nos. 3613-04L and 3853-05L. Docket No. 3613-04L involved the year 1998 and Docket No. 3853-05L involved the years 1996, 1997, 1999, 2000, and 2001. Docket No. 3853-05L also involved the civil penalty pursuant to I.R.C. § 6702 for the year 1997.

**[\*14]** During his collection due process hearing, petitioner did not dispute receipt of the notice of deficiency for the year 2002. Furthermore, in his petition, petitioner does not dispute receipt of the notice of deficiency for the year 2002. Petitioner's main argument appears to be that he was denied an in office examination pursuant to Title 26 CFR 601.105(b)(2).

Petitioner is thereby precluded from challenging the existence or amount of his underlying tax liability for the years 1996, 1997, 1998, 1999, 2000, 2001, and 2002, as well as the civil penalty assessed pursuant to I.R.C. § 6702 for the year 1997 before this Court. Accordingly, the validity of the underlying tax liabilities for 1996, 1997, 1998, 1999, 2000, 2001, and 2002 * * * [is] not properly at issue before the Court and respondent is entitled to judgment as a matter of law that petitioner is liable for the underlying liabilities for said years and for the civil penalty for the year 1997. [Citations omitted.]

As we explain below, we hold that Mr. Streiffert's lack-of-interview argument is without merit and that it is barred by section 6330(c)(2)(B).

Unlike regulations, the Statement of Procedural Rules is not mandatory. Luhring v. Glotzbach, 304 F.2d 560, 563-565 (4th Cir. 1962); Montgomery v. Commissioner, 65 T.C. 511, 522 (1975). The Statement of Procedural Rules cannot confer any rights on taxpayers. See Luhring, 304 F.2d at 563-565; Montgomery v. Commissioner, 65 T.C. at 522. Therefore, Mr. Streiffert's argument that he was unlawfully denied an examination interview is without merit.

[*15] Furthermore, Mr. Streiffert's lack-of-interview argument is a challenge to the existence of income-tax liabilities for the 1996, 1997, 1998, 1999, 2000, and 2001 tax years. The IRS was authorized to send him notices of deficiency determining deficiencies of income tax. See sec. 6212(a). If he received notices of deficiency for these years, he could have disputed these income-tax liabilities by filing a Tax Court petition seeking redetermination of the deficiencies. See sec. 6213(a). If he did not receive notices of deficiency, he could have challenged the income-tax liabilities at the collection-review hearings (i.e., the two hearings that culminated in notices of determination dated January 29, 2004, and January 27, 2005, respectively), or, if wrongfully denied an opportunity to contest the income-tax liabilities by the Appeals Office, he could have challenged his liabilities in his cases before the Tax Court appealing from the notices of determination (i.e., in docket No. 3613-04L and docket No. 3853-05L, respectively).[1] He is therefore barred from challenging his income-tax liabilities for 1996, 1997, 1998, 1999, 2000, and 2001 in this case. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114

---

[1]Sec. 6330(c)(2)(B) provides that if the taxpayer did not receive a notice of deficiency, the taxpayer can challenge the existence or amount of the underlying liability at the collection-review proceeding with the IRS Appeals Office. If the IRS Appeals Office refuses to hear the challenge, the taxpayer can appeal the Appeals Office's determination to the Tax Court. See, e.g., Arroyo v. Commissioner, T.C. Memo. 2013-112, slip op. at 4 (deciding underlying tax liability).

**[\*16]** T.C. at 611 (taxpayer who received a notice of deficiency had an earlier

opportunity to dispute the liability); <u>Bell v. Commissioner</u>, 126 T.C. 356, 358-359

(2006) (taxpayer did not receive the notice of deficiency; at an administrative

proceeding to consider a proposed levy to collect the deficiency the IRS Appeals

Office wrongfully refused to let the taxpayer contest his underlying tax liability;

the taxpayer did not appeal the Appeals Office's determination to the Tax Court; it

was held that the taxpayer's right to appeal was an opportunity to challenge the

underlying liability).

As to the year 2002, Mr. Streiffert has failed to demonstrate that there is a

genuine dispute that he received a notice of deficiency. <u>See</u> Tax Ct. R. Pract. &

Proc. 121(b). The motion for summary judgment alleged that Mr. Streiffert did

not deny having received a notice of deficiency. In his response to the motion for

summary judgment, Mr. Streiffert denies receiving a notice of deficiency. This

unsworn denial is insufficient. It was not made in an affidavit or a declaration.

<u>See</u> <u>id.</u> And it is not supported by any other acceptable materials. <u>See</u> <u>id.</u> For

purposes of summary judgment, we therefore consider Mr. Streiffert to have

received the notice of deficiency. <u>See</u> Tax Ct. R. Pract. & Proc. 121(d). Mr.

Streiffert was therefore not entitled, in the collection-review hearing, to challenge

[*17] his income-tax liability for 2002.  See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. at 611.

Mr. Streiffert is also barred from challenging his liability for the frivolous-return penalty for 1997.  He had an opportunity to challenge his liability for the penalty during the collection-review hearing at issue in Streiffert v. Commissioner, T.C. dkt. No. 3853-05L (Aug. 9, 2005).  The notice the Appeals Office issued after the hearing reflected that the Appeals Office had determined that Mr. Streiffert had filed a frivolous Form 1040 and is therefore liable for the frivolous-return penalty.

II.    Section-6673 penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in a proceeding is frivolous or groundless.

A section-6673 penalty is justified.  The arguments Mr. Streiffert advances in this dispute are meritless.  His petition was designed to delay collection of tax rather than resolve a real dispute.  We hold that Mr. Streiffert is liable for a penalty of $15,000.

**[*18]** To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.