[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15196
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00652-EAK-MAP

ANTHONY VALENTINE,
BERNIDINE VALENTINE,

Plaintiffs-Appellants,

versus

BAC HOME LOANS SERVICING,
L.P., BANK OF AMERICA, N.A.,
as owner of Countrywide Financial Corporation,
COUNTRYWIDE HOME LOANS, INC.,
RON R. WOLFE AND ASSOCIATES, P.A.,
as successor to Florida Default Law Group, P.L.,
MICALL BACHMAN,
individually and as an employee of Bank of America, N.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 28, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After a Florida court entered a judgment of foreclosure against Anthony and Bernidine Valentine, they filed a lawsuit in federal district court seeking "an order setting aside the judgment of foreclosure." The district court dismissed the Valentines' complaint and then dismissed their post-judgment motions, without prejudice, for failure to comply with a local rule. The Valentines filed amended versions of their motions, which the district court dismissed again, this time on the grounds that the underlying claims were jurisdictionally and procedurally barred. The Valentines appealed. We lack jurisdiction to review the district court's judgment against the Valentines and its orders denying their original motions for post-judgment relief. We have jurisdiction to review the district court's denials of the Valentines' amended motions for post-judgment relief and we conclude that the district court properly denied those motions under the Rooker-Feldman doctrine.

After the Valentines filed their complaint in federal court, the defendants moved to dismiss. The district court granted the motion, concluding that the Valentines' claims were barred by the Rooker-Feldman doctrine and Federal Rule of Civil Procedure 13(a).[1] The district court issued judgment against the Valentines on May 8, 2014. On May 16, 2014, the Valentines moved to alter or

---

[1] For brevity's sake, we'll refer to Federal Rules of Civil Procedure simply as "Rules" for the rest of this opinion.

amend the judgment under Rule 59(e), and for relief from the judgment under Rule 60(b). The district court denied both motions without prejudice on June 26, 2014, because they did not comply with a local rule requiring parties making motions under Rules 59 or 60 to certify that they had conferred with opposing counsel about the motions. On July 8, 2014, the Valentines filed amended post-judgment motions under Rules 59(e) and 60(b), each of which complied with the local rule on certifying statements. The district court again denied the Valentines' motions, maintaining that their claims were barred under Rooker-Feldman and Rule 13(a). The Valentines filed a notice of appeal on November 13, 2014, seeking review of the district court's orders dismissing their complaint, denying their original Rule 59(e) and 60(b) motions, and denying their amended Rule 59(e) and 60(b) motions.[2]

We lack jurisdiction to review the Valentines' appeal from the district court's orders dismissing their complaint and denying their original Rule 59(e) and 60(b) motions. The timely filing of a notice of appeal in a civil action is a jurisdictional requirement. Green v. Drug Enforcement Admin., 606 F.3d 1296, 1300–02 (11th Cir. 2010). To be timely, a notice of appeal in a civil action must be filed no later than 30 days after entry of the final judgment or order appealed

---

[2] The Valentines' notice of appeal also asks us to review the district court's order denying their motion for permission to file electronically. Their appellate briefs, however, do not mention or argue that issue. Issues not raised in an appellant's opening brief are forfeited. United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004).

from.  Fed. R. App. P. 4(a)(1)(A).  If a party files a motion under Rule 59(e) or 60(b) within 28 days of a final judgment or order, the 30-day period for appealing the judgment or order resets and runs only from "entry of the order disposing of the last such remaining motion."  Fed. R. App. P. 4(a)(4)(A).  A motion filed more than 28 days after entry of a final judgment or order, however, will not reset or toll the deadline for filing an appeal.  The deputy clerk entered judgment against the Valentines on May 8, 2014.  The Valentines filed their original Rule 59(e) and 60(b) motions on May 16, 2014.  Because those motions were filed within 28 days of the judgment, they reset and tolled the clock for filing an appeal.  The district court denied the Valentines' original post-trial motions on June 26, 2014, triggering the 30-day window for filing an appeal — not only from the order dismissing the complaint, but also from the orders denying the original Rule 59(e) and 60(b) motions.  The 30-day window closed on July 28, 2014,[3] without the Valentines having filed a notice of appeal from the court's earlier orders.  Because the Valentines did not timely appeal the orders dismissing their complaint and denying their original motions under Rules 59(e) and 60(b), we lack jurisdiction to review those orders.

Our timeliness calculations do not include the Valentines' amended Rule 59(e) and 60(b) motions because those motions had no tolling effect.  A party is

---

[3] Because July 26, 2014 was a Saturday, the period for filing a notice of appeal continued to run until the end of the following Monday, July 28, 2014.  See Fed. R. Civ. P. 6(a)(1)(C).

only entitled to reset and toll the 30-day appeals window once; successive post-judgment motions will not do the trick.  See Ellis v. Richardson, 471 F.2d 720, 721 (5th Cir. 1973); see also Charles A. Wright et al., Federal Practice and Procedure § 3950.4 (4th ed.) (collecting cases).  Were it otherwise, litigants could forestall appeal by filing an endless parade of post-judgment motions, which would frustrate not only opposing parties' legitimate interests in prompt appellate review but also society's important interest in the finality of judgments.  See Dixie Sand & Gravel Co., Inc. v. Tenn. Valley Auth., 631 F.2d 73, 75 (5th Cir. Unit B 1980).  The Valentines reset and tolled the appeals window when they filed their original motions under Rules 59(e) and 60(b).  They are not permitted to keep resetting and tolling that window simply by filing new post-judgment motions.

Our decision in Dresdner Bank v. M/V Olympia Voyager, 465 F.3d 1267 (11th Cir. 2006), is distinguishable from this case.  In Dresdner Bank we held that an amendment to a pending, timely motion does not supersede the original for purposes of timeliness or tolling.  Id. at 1271–72.  In other words, we treat an amendment to a pending, timely post-judgment motion as though it was filed on the same day as the pending, timely motion.  Id.  That rule does not apply here because, unlike the amended motion in Dresdner Bank, the Valentines' amended Rule 59(e) and 60(b) motions did not function to correct errors in any pending motions.  The amended motions could not have functioned that way because, when

they were filed, the district court had already denied — and thereby disposed of — the motions they purported to amend. True, the earlier denials were "without prejudice," but a denial without prejudice is still a denial, and an order denying a motion disposes of the motion (if not always the argument underlying it). The Valentines' amended Rule 59(e) and 60(b) motions were thus new post-judgment motions, not amendments to pending motions, meaning the tolling rule from Dresdner Bank is inapposite. That being so, we lack jurisdiction to review the district court's judgment and its denial of the Valentines' original Rule 59(e) and 60(b) motions.

Although the amended motions did not reset and toll the period for appealing the district court's judgment and orders denying the Valentines' original Rule 59(e) and 60(b) motions, we still have jurisdiction to review the district court's orders denying the amended motions. The Valentines filed their notice of appeal within 30 days of the district court's orders denying those motions, so that their appeal is timely with respect to those orders.

The district court did not abuse its discretion in denying the amended Rule 59(e) and 60(b) motions because it lacked jurisdiction over the complaint. Under the Rooker-Feldman doctrine, a district court lacks jurisdiction over claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

6

district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005). The doctrine extends to claims involving issues that are "inextricably intertwined with the state court judgment," i.e., claims that would "effectively nullify" the state court judgment or that would "succee[d] only to the extent that the state court wrongly decided the issues." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation marks and citations omitted). There is no dispute that the Valentines are state-court losers, and that the state court issued its foreclosure judgment before they filed their federal-court complaint. There is also no serious question that the Valentines' complaint invited the district court to review and reject the state court's judgment. In fact the complaint states that "Plaintiffs wish to get an order setting aside the judgment of foreclosure[.]" Finally, the only way to vindicate the Valentines' claims — all of which allege that the state court litigation turned on fraudulent evidence — is to hold that the state court wrongly decided the foreclosure matter by relying on fraudulent evidence. The district court was thus correct in concluding that Rooker-Feldman barred post-judgment relief here.

The Valentines suggest that their underlying arguments are based on extrinsic fraud and that there is an extrinsic fraud exception to the Rooker-Feldman doctrine. We have not said whether there is an extrinsic fraud exception to the

7

Rooker-Feldman doctrine and we need not do so here because the Valentines' claims are based on intrinsic, not extrinsic, fraud.  Extrinsic fraud is fraud that keeps a person from knowing about or asserting their rights.  Fraud, Black's Law Dictionary (10th ed. 2014).  The Valentines do not allege that the defendants kept them from knowing their rights with respect to this case, or that the defendants kept them from taking steps to assert their rights.  What the Valentines allege is that the defendants lied about facts relevant to the foreclosure.  That kind of fraud is intrinsic because it pertains to an issue involved in a judicial proceeding.  See id. Indeed, the classic examples of intrinsic fraud are fabricated evidence, perjured testimony, and false receipts, id., exactly what the Valentines complain of in this litigation.  There is no recognized exception to the Rooker-Feldman doctrine for intrinsic fraud.  Such an exception could effectively gut the doctrine by permitting litigants to challenge almost any state-court judgment in federal district court merely by alleging that the other party lied during the state-court proceedings. Accordingly, the district court correctly applied Rooker-Feldman in this case.

**DISMISSED** in part and **AFFIRMED** in part.