# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60255

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2018

Lyle W. Cayce
Clerk

ANNAMALAI ANNAMALAI; PARVATHI SIVA ANNAMALAI,

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from a Decision of the
United States Tax Court

Before JOLLY, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:

Before us today is an appellate jurisdictional issue of first impression. Under Federal Rule of Appellate Procedure 13, the statutory 90-day window to appeal a Tax Court decision to our court runs from either: 1) the entry of the Tax Court decision being appealed or 2) if a party moves to vacate or revise the Tax Court's decision, from the entry of the Tax Court's ruling on that motion to vacate or revise the decision. The question before us is whether a party may file successive motions to vacate or revise with the effect of extending the time to appeal into perpetuity. We hold that successive motions to vacate or revise a Tax Court decision, raising substantially the same grounds as the first motion, will not affect the time period in which a party may appeal a Tax Court

No. 17-60255

decision.  Where successive post-decision motions are filed in the Tax Court, the statutory 90-day window to appeal the Tax Court decision runs from the Tax Court's ruling on the *first* motion to vacate or revise filed.  The notice of the instant appeal to this court, filed more than 90 days after the Tax Court disposed of the first motion to vacate, is untimely.  This appeal is dismissed for lack of appellate jurisdiction.

## I.

The facts relevant to the single issue we take up today are simple.  The IRS Commissioner determined that Appellants Annamalai Annamalai and Parvathi Siva Annamalai ("the Taxpayers") were jointly liable for tax deficiencies of a sum certain and mailed a notice of deficiency to each of them. Upset by that determination, the Taxpayers petitioned the Tax Court for a redetermination of their tax liability.  After nearly three years of litigation, the Tax Court entered its final decision in the matter on June 23, 2016.

On July 13, 2016, the Taxpayers filed separate motions with the Tax Court to vacate its June 23 decision.  On November 18, the Tax Court denied those motions.  The Taxpayers' next move is central to this appeal.  Instead of filing a notice of appeal of the Tax Court's decision with the Tax Court clerk, the Taxpayers, on December 12, jointly filed a second motion with the Tax Court to vacate the Tax Court's decision.[1]  That second motion, assuming without deciding that it was timely,[2] did not raise any substantially new

---

[1] The Taxpayers' second motion was styled as both a motion to vacate the Tax Court's decision and a motion to reconsider the Tax Court's denial of their first motions to vacate. Because Rule 13 applies to any "motion to vacate or revise the Tax Court's decision" and, according to the docket, the Tax Court entered one decision on June 23, 2016, we construe the Taxpayers' second motion as a motion to vacate the Tax Court's June 23 decision.

[2] The Taxpayers filed their second motion within 30 days of the Tax Court's denial of their first motions to vacate.  The Commissioner argues that the second motion is untimely because it was filed more than 30 days after the Tax Court's decision.  *See* Tax Ct. R. 162 ("Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise

## No. 17-60255

grounds or arguments.  After the Tax Court denied that second motion on December 22, the Taxpayers filed a notice of appeal with the Tax Court clerk on March 15, 2017.  That is, the Taxpayers appealed to this court 265 days after the Tax Court's initial decision, 117 days after the Tax Court ruled on their first motions to vacate, and 83 days after the Tax Court ruled on their second joint motion to vacate.  We decide today whether the Taxpayers' appeal of the Tax Court's decision is timely.[3]

## II.

"[T]he taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'"  *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982)).  The Supreme Court has cautioned that "a provision governing the time to appeal in a civil action qualifies as jurisdictional only if Congress sets the time."  *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017).  Here, there is a governing statute, 26 U.S.C. § 7483, which states, "Review of a decision of the Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered."  This time period is also set by Federal Rule of Appellate Procedure 13(a)(1)(A), under which a party may appeal a Tax Court decision "by filing a notice of appeal with the Tax Court clerk within 90 days after the entry of the Tax Court's decision."

Although the 90-day window is absolute, the point from which it runs is not.  "If, under Tax Court rules, a party makes a timely motion to vacate or

---

permit.").  But we need not resolve that argument and instead leave experienced Tax Courts to determine whether motions filed in the Tax Court are timely.

[3] In their Notice of Appeal, the Taxpayers say they are appealing the Tax Court's "final judgment" and the denial of their second motion to vacate.  But again, Rule 13 allows for the appeal as of right of a Tax Court's "decision," and according to the docket, the Tax Court entered one decision on June 23, 2016.

revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later." Fed. R. App. P. 13(a)(1)(B). So in other words, the 90-day clock restarts[4] when a timely motion to vacate or revise a Tax Court decision is ruled on. But the text of the rule and its advisory committee notes do not address whether the 90-day clock can be reset more than once when a party files a subsequent motion to vacate, after the Tax Court has already ruled on the first such motion.[5] In this case, the Taxpayers' appeal is timely only if the Tax Court's denial of their second motion to vacate once again restarted the 90-day clock.

The one Fifth Circuit case addressing this issue is of limited use here. *See Streiffert v. Internal Revenue Serv.*, 140 F. App'x 527, 528–29 (5th Cir. 2005) (addressing a successive *untimely* motion for reconsideration). So we turn to the only case on point, coming to us from the Tenth Circuit. In *Okon v. Commissioner*, a taxpayer filed a motion to vacate a Tax Court decision and, following its denial, filed a second motion asking the court "once more" to vacate. 26 F.3d 1025, 1026 (10th Cir.), *cert. denied*, 513 U.S. 1019 (1994). The taxpayer then filed her notice of appeal within 90 days of the denial of her

---

[4] Previous courts use the term "toll" to describe the effect of filing a motion to vacate on the 90-day clock. But "toll" is defined as "to stop the running of." TOLL, Black's Law Dictionary (10th ed. 2014). In other words, to hit the pause button. *See Artis v. District of Columbia*, 138 S. Ct. 594, 601 (2018) ("Ordinarily, 'tolled' . . . means that the limitations period is suspended (stops running) . . . then starts running again when the tolling period ends, picking up where it left off."). But here, the 90-day clock *restarts. See* Fed. R. App. P. 13 ("[T]he time to file a notice of appeal runs from the entry of the order disposing of the motion [to vacate] . . . ."); *see also Streiffert v. Internal Revenue Serv.*, 140 F. App'x 527, 528–29 (5th Cir. 2005) (calculating the 90-day appeal period from the date the Tax Court ruled on the motion to vacate); *Okon*, 26 F.3d at 1026 (same). So we think it is more accurate to describe the time period to appeal as restarting instead of tolling.

[5] The U.S. Tax Court rules do not directly address the appropriateness of successive motions to vacate. *See* Tax Ct. R. 162 ("*Any* motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit." (emphasis added)).

*second* motion to vacate, but well beyond 90 days from the court's denial of her *first* motion to vacate. *Id.* The Tenth Circuit held that the taxpayer's second motion to vacate did not restart the 90-day clock to appeal the Tax Court's decision and thus her appeal was untimely. *Id.* at 1026–27. In arriving at its holding, the court reiterated "the general principle that tolling motions may not be tacked together to perpetuate the prescribed time for appeal." *Id.* at 1026. The court declined to address the case where a taxpayer files a second motion to vacate on *new* grounds, but it noted that its precedent did "not suggest any such exception for litigants who parcel out objections over successive post-trial motions." *Id.* at 1027 n.2. Two other circuits have adopted the Tenth Circuit's holding in unpublished decisions. *See Dean v. Commissioner*, No. 17-1123, 2017 WL 4232520, at *1 (D.C. Cir. Sept. 13, 2017); *Robertson v. Commissioner*, 22 F. App'x 215, 215 (4th Cir. 2001).[6]

We find support for the Tenth Circuit's holding in our approach to successive motions for reconsideration in the civil-rules context. Analyzing Federal Rule of Civil Procedure 59, we held, "[W]here an appellant files a second motion to reconsider 'based upon substantially the same grounds as urged in the earlier motion,' the filing of the second motion does not interrupt the running of the time for appeal, and the appeal must be dismissed." *Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989) (quoting *Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir. 1973)). We see no reason for a different rule in this appeal from the Tax Court. Thus, we agree that a party should not, by virtue of successive motions raising substantially the same grounds, be able to extend the time to appeal a Tax Court decision into

---

[6] The Ninth Circuit has also expressed "doubt that successive motions for post-trial relief in the Tax Court can be tacked together to extend the time for filing a notice of appeal when they assert the same grounds." *Trohimovich v. Commissioner*, 776 F.2d 873, 875 (9th Cir. 1985), *abrogated on other grounds by Nordvik v. Commissioner*, 67 F.3d 1489, 1493 (9th Cir. 1995).

perpetuity.[7]  So for purposes of this case, the Taxpayers' second motion to vacate, raising substantially the same grounds as their first, has no effect on their time period to appeal the Tax Court's decision.  Because this appeal came 117 days after the Tax Court ruled on the Taxpayers' first (separately filed) motions to vacate, it is untimely.[8]

### III.

Thus, we hold that, where a party files successive motions to vacate in the Tax Court which raise substantially the same grounds, only a ruling on the *first* motion to vacate restarts the 90-day time period to file an appeal of the Tax Court's decision under 26 U.S.C. § 7483 and Rule 13(a)(1).  Because the Taxpayers filed notice of appeal well beyond 90 days after the denial of their first motion to vacate, we lack appellate jurisdiction to review the Tax Court decision at issue here.[9]  Annamalai's motion for an appeal conference is denied.  This untimely appeal is

DISMISSED.

---

[7] "Were we to hold that appellant's [second] motion for reconsideration . . . terminated the running of the time for filing notice of appeal, a party aggrieved by a judgment resting on several grounds could extend the time for appeal virtually indefinitely by filing successive motions for reconsideration challenging each of the grounds seriatim." *Dixie Sand & Gravel Co. v. Tenn. Valley Auth.*, 631 F.2d 73, 75 (5th Cir. Unit B 1980); *see also Owner-Operator Indep. Drivers Ass'n, Inc. v. U.S. Dep't of Transp.*, 858 F.3d 980, 983 (5th Cir. 2017) (holding that the 60-day period to file a petition for review was not tolled when the association filed a motion for reconsideration, and cautioning that "[o]therwise, parties could evade the time limit for judicial review by requesting reconsideration of long-resolved matters").

[8] What gives us pause, however, is whether an exception should be carved out for parties who move to vacate a second time on *substantially different* grounds.  Indeed, in the civil context, we allow a second Rule 59 motion to "interrupt[] the time allowed for filing an appeal" where it "present[s] at least one completely different ground for relief from the judgment." *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir. 1992).  But because such a situation is not presented by these facts, we need not address that issue.

[9] "The time periods set by Rule 13(a)(1) and Section 7483 are absolute. Because these periods are set by statute as well as by rule, cases . . . describing these time periods as jurisdictional would still appear to be good law."  16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3959 (4th ed. 2013).