[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10807
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-01396-RBD-KRS

BARRY DAVID THOMPSON,

Plaintiff-Appellant,

versus

DEPUTY BRIAN LUOMA,
Badge 2513,
VOLUSIA COUNTY SHERIFF'S OFFICE,
individual capacity,
DEPUTY SUPERVISOR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 23, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Barry David Thompson appeals *pro se* the dismissal of his complaint against the Volusia County Sheriff's Office, Deputy Sheriff Brian Luoma, and an unnamed officer. *See* 42 U.S.C. § 1983. He also appeals the denial of his two motions to alter or amend the judgment and his motion for clarification. *See* Fed. R. Civ. P. 59(e). We affirm.

The district court *sua sponte* dismissed Thompson's complaint as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his challenges to his traffic stop and ensuing seizure of drugs would necessarily imply the invalidity of his convictions following his pleas of guilty to trafficking in hydromorphone and trespassing on school property. *See* 28 U.S.C. § 1915A(a). Later, the district court denied Thompson's motion to alter or amend the judgment with the explanation that, although "a question exists whether *Heck* applies in certain circumstances," its bar applied to Thompson because he "had an opportunity to pursue an appeal in state court, and habeas relief was available to him prior to his release from state custody." The district court denied Thompson's second motion to alter or amend on the ground that Thompson was "attempting to relitigate old matters or raise new arguments," and the district court summarily denied Thompson's motion for clarification.

2

We lack jurisdiction to review the dismissal of Thompson's complaint or the denial of his first motion to alter or amend the judgment. After the dismissal of his complaint, Thompson timely filed a postjudgment motion within "28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), that tolled his time to appeal until the district court denied the motion on December 20, 2017, *see* Fed. R. App. P. 4(a)(4)(A)(iv). Thompson then had 30 days, or until January 19, 2018, to appeal. *See* Fed. R. App. P. 4(a)(1)(a). On January 2, 2018, Thompson filed a second motion to alter or amend, but that successive postjudgment motion "[did] not again terminate the running of the time for appeal." *See Dixie Sand & Gravel Co., Inc. v. Tenn. Valley Auth.*, 631 F.2d 73, 75 (5th Cir. 1980). The notice of appeal that Thompson filed on February 27, 2018, was timely only with respect to his second motion to alter or amend and his motion for clarification.

The district court did not abuse its discretion when it denied Thompson's second motion to alter or amend the judgment. To obtain relief under Federal Rule of Civil Procedure 59(e), a movant must identify "newly-discovered evidence [that supports his claim] or manifest errors of law or fact" in the judgment. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Thompson moved the district court to recognize an exception to *Heck* on the ground he could not have pursued "a meaningful state appeal" because neither he nor any "of [his] witnesses . . . were allowed to testify" and Officer Luoma gave "false testimony . . . that [Thompson]

3

was on school property" during the "motion to suppress hearing." But facts pertaining to Thompson's pretrial suppression hearing were not newly discovered because they were available to him when he filed his complaint. *See id.* ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

Thompson has abandoned any challenge that he could have made to the denial of his motion for clarification. "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). Because Thompson's *pro se* brief does not mention his motion for clarification, we deem abandoned any challenge he could have made to its summary denial.

We **AFFIRM** the dismissal of Thompson's complaint.

4