# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60549
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2019

Lyle W. Cayce
Clerk

ANNAMALAI ANNAMALAI; PARVATHI SIVA ANNAMALAI,

Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent–Appellee.

Appeal from a Decision of the
United States Tax Court
TC No. 15887-13

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Annamalai Annamalai and Parvathi Siva Annamalai appeal the denial of their third motion to vacate styled as a motion for relief from the judgment under Rule of Civil Procedure 60(b). We previously held that the mandatory deadline for filing an appeal from the Tax Court decision in this case had passed.[1] Accordingly, we dismiss this appeal for want of jurisdiction.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Annamalai v. Comm. Of Internal Revenue*, 884 F.3d 530, 534 (5th Cir. 2018).

No. 18-60549

This is the second appeal from a 2016 Tax Court decision. The Tax Court initially assessed a deficiency and penalty in its June 23, 2016 order.[2] Appellants filed successive motions to vacate or revise the decision, which the Tax Court denied.[3] We dismissed the appeal for want of jurisdiction, holding that "where a party files successive motions to vacate in the Tax Court which raise substantially the same grounds, only a ruling on the *first* motion to vacate restarts the 90-day time period to file an appeal of the Tax Court's decision."[4] We reserved the question of whether a successive motion to vacate that raises "substantially different" grounds for relief could restart the deadline for an appeal.[5]

Undeterred, appellants returned to the Tax Court and filed a third motion to vacate styled as a motion for relief from the judgment under Federal Rules of Civil Procedure 60(b)(6) and 60(d). The Tax Court denied the motion without opinion on April 30, 2018. Appellants mistakenly filed their notice of appeal with this court on July 6, 2018.[6] Appellants further argue that the notice of appeal was filed as early as June 26, 2018, under the "prison mailbox rule."[7] The Tax Court docketed the notice of appeal on August 8, 2018, more than 90 days after the entry of the denial of the third motion to vacate.

Regardless of the precise date of the notice of appeal, it is too late to confer jurisdiction on this court. The deadline to file a notice of appeal was 90 days after the Tax Court denied the first motion to vacate its decision on November 18, 2016.[8] Rule of Appellate Procedure 13(a)(1)(B) allows additional

---

[2] *See id.* at 531.

[3] *Id.*

[4] *Id.* at 534.

[5] *Id.* at 533 n.8.

[6] *See* Fed R. App. P. 4(d).

[7] *See Houston v. Lack*, 487 U.S. 266, 276 (1988); Fed R. App. P. 4(c).

[8] *Annamalai*, 884 F.3d at 533; Fed R. App. P. 13(a)(1)(B).

time to notice an appeal if "a party makes a timely motion to vacate or revise the Tax Court's decision."[9]  Tax Court Rule 162 provides that a motion to vacate is timely if it is filed "within 30 days after the decision has been entered, unless the [Tax] Court shall otherwise permit."[10]

Appellants filed their third motion on April 18, 2018, almost two years after the tax court's initial decision in June 2016.  Even assuming appellants could file the motion within 30 days of the denial of their latest motion to vacate or revise, that deadline expired in January 2017.  Nor is there any indication that the Tax Court permitted this otherwise untimely motion.  Accordingly, we need not decide whether this third motion to vacate the judgment raised substantially different grounds for relief, or whether such a motion, if timely, could restart the deadline for noticing an appeal.

The fact that appellants styled their motion as a motion for relief from the judgment under Rule of Civil Procedure 60(b) does not change the result. The Tax Court is bound by the Tax Court Rules and may look to the Rules of Civil Procedure for guidance only when there is no applicable Tax Court Rule on the matter.[11]  There is an applicable Tax Court Rule on the matter, so the Rules of Civil Procedure do not apply.[12]  Appellants' untimely third motion to vacate the Tax Court's judgment cannot restart the time for appeals.

IT IS ORDERED that Appellants' Motion for Reconsideration, or in the Alternative to Correct and or Amend or Supplement the Record on Appeal, as a motion to Support Timeliness Claim, is DENIED as moot.

This second untimely appeal is DISMISSED.

---

[9] FED R. APP. P. 13(a)(1)(B).

[10] TAX CT. R. 162.

[11] TAX CT. R. 1(b).

[12] TAX CT. R. 162.